DAVID CANTER, RESPONDENT, v. MAURICE R. SEIDEN, APPELLANT.

Submitted January 20, 1942—Decided March 4, 1942.

Before Justices Parker, Donges and Colie.

For the appellant, *H. David Zerman.*

For the respondent, *John H. Quill* (*William Reger,* of counsel).

Per Curiam.

This is defendant's appeal from a judgment in the District Court after a trial without jury and the same seems to turn upon the proper application of the rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument.

The state of the case, as settled by the trial court, indicates that plaintiff, as a real estate broker, negotiated the sale of lands in Jersey City owned by an insurance company to a corporation of which the plaintiff was half owner. The commission on the sale was to be $3,140. Out of this, concededly, $500 had to be paid to another real estate concern which held the exclusive agency in that territory for the insurance company, vendor. The corporation, of which the plaintiff was half owner according to the findings of fact, did not have enough money to close the sale; and the plaintiff arranged with the defendant, who as attorney for the corporate purchaser had examined the title, that the defendant advance $2,400 for the purpose of completing the sale, which the defendant did advance. The plaintiff signed and delivered to the defendant an agreement which reads as follows:

"In consideration of the sum of One Dollar and other good and valuable consideration to me in hand paid, I hereby assign to Maurice R. Seiden, the commission in the sum of Three thousand one hundred and forty Dollars ($3,140) due to me for the sale of No. 305-7 Fairmount Avenue, Jersey City, New Jersey, from the Prudential Insurance Company, and hereby authorize Maurice R. Seiden to take such commission and authorize the Prudential Insurance Company to make payment of same to said Maurice R. Seiden.

Dated May 15th, 1941.      (Signed) David Canter."

After deduction of the $500 commission to the other

brokers, the balance of the commission was, of course, $2,640. In order to complete the sale, the defendant advanced the $2,400 required for that purpose and retained the $240 for himself, and the suit was for this balance of $240, plaintiff claiming in effect that the paper he had signed did not mean what it said, that it was a mere form enabling the defendant to reimburse himself for the $2,400 that he paid out, and that the remaining $240 was to be collected by him for the account of the plaintiff and returned to the plaintiff. The trial judge, over objection, admitted oral evidence to that effect and so found.

We think that this was manifest error. There is no allegation or suggestion that the agreement was procured, or made to read as it does, in fraud. The claim for the plaintiff was that, although he must have known what he was signing, there was an outside agreement between the parties that defendant was only to get his $2,400 back out of the $2,640, but it would have been a perfectly simple matter to say so in writing in several ways, one of which for example might have been an assignment of $2,400 of the commission to the defendant and an authorization to collect the rest of it and pay the $240 overplus to the plaintiff.

This court cannot undertake to reform a written agreement. The testimony that the agreement was other than that put in writing was incompetent and should have been excluded, and the court should have found for the defendant.

The judgment will be reversed, and the cause remanded to the District Court for a new trial in conformity with the views above expressed.