**KARNO–SMITH CO. v. SCHOOL DIST. OF CITY OF SCRANTON, LACKAWANNA COUNTY.**

No. 806.

District Court, M. D. Pennsylvania.

May 14, 1942.

John Memolo, of Scranton, Pa., for plaintiff.

John R. Edwards, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This action has been brought to recover from the defendant the sum of $28,915, with interest from the 15th day of September, 1937, which the complaint alleges is the balance due and owing by the defendant for labor and materials furnished under a contract for the erection of a school building known as South Scranton Junior High School. The case is before us upon defendant's motion to dismiss the action.

The first reason assigned in support of the motion is that the complaint fails to state a claim against the defendant upon which relief can be granted. An examination of the complaint discloses that it contains the essential averments for a cause of action ex contractu. Defendant's brief, as well as its motion, fails to point out wherein the pleading is defective in this respect. The motion cannot be sustained upon this ground.

As the second reason for dismissal of the action defendant states that the complaint is defective by failing to comply with the provisions of the Pennsylvania Practice Act, 1915, P.L. 483, Sec. 5, 12 P.S. Pa. § 386, in that it avers the existence of a written contract pursuant to which the labor and materials were furnished, yet no copy of the agreement has been attached to the complaint as required by the Practice Act. If the non-attachment to the complaint of the contract upon which the suit is brought were a defect, it would be merely formal and would not justify the dismissing of the action. If the omission of the contract from the pleading rendered it so lacking in definiteness or particularity that the other party is unable properly to prepare his responsive pleading or prepare for trial, it would support a motion for a more definite statement under rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, the contract in the present case was in the possession of the defendant. In fact the

defendant has attached it to his motion to dismiss.

■■ The purpose of the Federal Rules of Civil Procedure is to supply the federal courts with an independent and uniform system of efficient procedure. Joy Mfg. Co. v. City of New York, D.C., 30 F.Supp. 403. In matters of pleading, the federal courts are governed no longer by state practice. Swift & Co. v. Young, 4 Cir., 107 F.2d 170. The provisions of the Conformity Act, 28 U.S.C.A. § 724, have been superseded and are no longer of any force or effect. Carnegie Nat. Bank v. City of Wolf Point et al., 9 Cir., 110 F.2d 569; In re Utility Consumers Service, Inc., D.C., 38 F.Supp. 102; De Rosmo v. Feeney, D.C., 38 F.Supp. 834; Warren v. Indian Refining Co., D.C., 30 F.Supp. 281. Therefore, the requirement of the Pennsylvania Practice Act for the attachment to the pleadings of contracts upon which suit is instituted in no way controls procedure in actions in this court from and after the effective date of the Federal Rules of Civil Procedure.

■ The third and fourth grounds upon which defendant relies for dismissal of this action relate to the arbitration clause in the contract upon which this suit has been brought, and may be treated together. It is contended that the existence of this arbitration agreement is a reason for dismissing the action, per se, and that it should also be dismissed because there is no averment in the complaint of plaintiff's compliance with this agreement. It should be noted preliminarily that the procedure provided in both the Pennsylvania Arbitration Act, 1927 P.L. 381, 5 P.S. § 1 et seq. and the United States Arbitration Act, 9 U.S.C.A. § 1 et seq. in cases where suits are instituted upon matters referable to arbitration under a written and enforceable arbitration agreement, is an application for a stay of the trial of the action until the arbitration has been had in accordance with the terms of the agreement. 5 P.S. § 162; 9 U.S.C.A. § 3. Neither the state nor the federal statute provides for dismissal of the actions commenced in violation of such arbitration agreements. It should similarly be noted that rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, requires certain defenses to be set forth affirmatively. Among these defenses which must be affirmatively pleaded are arbitration and award, and res judicata, the latter being another reason argued in support of the motion to dismiss considered in a subsequent part of this opinion. Thus, both of these grounds are not properly before the court on defendant's motion to dismiss. In the interest of expediency, the facts being before the court by exhibits attached to the motion to dismiss and the briefs, these questions will be disposed of so far as possible at this time.

Article 13 of the contract is worded in part as follows: "It is hereby mutually covenanted and agreed that in the event any dispute or disagreement shall arise under any of the clauses of this Agreement, the same shall be submitted to, decided and finally determined by a Board of Arbitration." A method of choosing arbitrators and filling vacancies is then set out. The article also provides that questions or disputes arising under the contract shall be submitted to arbitration by giving written notice to the other party and the arbitrators stating what questions or disputes are to be submitted to the arbitrators after which the arbitrators shall notify the parties of the time and place for the meeting to hear the questions. So far as appears from the record and briefs in this case the complete board of arbitration had not been chosen at the time this suit was instituted, nor had any notice been given by either party indicating questions it desired to have the arbitrators determine.

■ Concerning arbitration agreements which are enforceable under state statutes similar to the Pennsylvania statute, federal courts have taken the position that the state statute creates only a remedial right and not a substantive right which they are bound to enforce. Consequently, they have refused to dismiss or stay proceedings or relinquish jurisdiction when actions have been instituted before them upon contracts which contain specifically enforceable arbitration provisions under the state laws when arbitration has not been begun. Berkovitz v. Arbib & Houlberg, 230 N.Y. 261, 130 N.E. 288; Hunkin-Conkey Const. Co. v. Pennsylvania Turnpike Commission, D.C.Pa., 34 F.Supp. 26, 29; Voutrey v. General Baking Co., D.C. Pa., 39 F.Supp. 974. Nothing appears in the record, briefs or exhibits which indicates that the provision for arbitration was in a contract "evidencing a transaction involving commerce" as "commerce" is defined in the United States Arbitration Act, 9 U.S.C.A. § 1, which renders the agree-

ment for arbitration enforceable under the federal arbitration statute. Accordingly, the suit cannot be dismissed because of the existence in the contract of the agreement for arbitration.

The fifth reason suggested for dismissing the action is that the complaint is vague and indefinite in that no dates are given in the statement of account attached thereto nor any information as to what the original contract was nor any definite information relating to the additional book orders. These are not grounds for dismissal. Defendant has not shown that he is unable to prepare his responsive pleading because of this lack of particularity and the objection is without merit.

Finally, defendant contends that the action should be dismissed because the matter is res judicata. Plaintiff has submitted a certified copy of the docket entries of an action started in the state court by it against the defendant in this proceeding upon the same cause of action as that upon which this suit is based. The certified copy reveals that the action was commenced on November 18, 1939 and terminated by a judgment of non pros entered December 3, 1941, upon præcipe of defendant's attorney, for failure to file a statement of claim within one year.

It is well settled by both the decisions of Pennsylvania and the federal courts that a judgment of non pros is not a bar to a subsequent action. Murphy v. Taylor, 63 Pa.Super. 85. If a second suit is brought in the same court where the first action was terminated by the entry of a judgment of non pros, that court through the power which it may exercise over its proceedings may grant a stay pending the payment by the plaintiff of the costs of the first suit. Murphy v. Taylor, supra. A judgment of non pros merely terminates the action without concluding the rights of the parties. Bucci v. Detroit Fire & Marine Ins. Co., 109 Pa.Super. 167, 167 A. 425. As was said in Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807, 812: "The dismissal of a cause of action for want of prosecution is not an adjudication of the controversy so as to bar a subsequent suit on the same cause of action. (citing cases). This is but an application of the general rule that 'a trial upon which nothing was determined cannot support a plea of res judicata, or have any weight as evidence

at another trial,' Manhattan Life Ins. Co. v. Broughton, 109 U.S. 121, 3 S.Ct. 99, 27 L.Ed. 878. * * *"

Now, May 14th, 1942, it is ordered that the motion to dismiss the action be, and it hereby is, denied and the School District of the City of Scranton, County of Lackawanna and State of Pennsylvania, is directed to file its answer to the complaint within twenty (20) days from the date it receives notice of this order.