Lefkowitz *v.* Hummel Furniture Company, Appellant.

Argued April 23, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY MUSMANNO and ARNOLD, JJ.

*W. F. Steigerwalt,* for appellant.

*Harold A. Butz,* with him *Butz, Hudders, Tallman & Rupp,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 21, 1956:

In this action of assumpsit defendant appeals from judgment entered for plaintiff upon the pleadings.

By written contract executed on *March 2, 1953,*[1] plaintiff undertook to prepare for defendant plans and specifications for construction of a building, with 40,-000 square feet of floor space, on premises owned by defendant. He was to receive $10,000,—the sum of $2,-500 upon the execution of the contract, $5,000 upon defendant's receipt of the plans, and the balance in five payments beginning with the date of construction. As to the five payments, it was provided that "if construction does not proceed when *sixty days* have elapsed after plans have been received, then the payment shall commence at that time . . ."

The agreement required defendant to furnish to plaintiff for his purposes ". . . a complete and accurate survey of the Building site, give the grades and lines of streets, pavements, and adjoining properties; the rights, restrictions, easements, boundaries and contour of the Building site . . . to pay for borings . . . and for any other tests required."

---

[1] Italics throughout are ours.

Defendant paid to plaintiff the sum required upon execution of the contract but no other, and on November 13, 1953 he instituted this action for the remaining $7,500. On December 9, 1953 judgment was entered against defendant for want of an appearance and answer. This judgment was opened upon stipulation of the parties whereby $5,000 was paid to plaintiff and defendant was given time to file answer to the complaint as to the remaining $2,500.

The pleadings acknowledge preparation and delivery of the plans, but defendant alleges that they were not received until *four* months after the contract; that *"before* entering into the said contract, the plaintiff . . . did . . . *orally* promise that [they] . . . would be completed within *approximately two months* of the entering into the said agreement."  They further aver the breach of the oral promise required defendant to enter into a new lease for a building to house its business because its lease expired *July 31, 1953,*—prior to construction of its building.  Preliminary objections were sustained and judgment entered for plaintiff, the court holding that the answer was not sufficient to admit of proof.

Defendant contends that since the contract does not stipulate time for completion of the plans it does not "import a complete legal obligation without any uncertainty of the object or intent of the engagement," and that therefore the allegations of an oral promise and its breach by plaintiff are sufficient to establish a defense to the action.

It is to be first noted that none of the factual circumstances set forth by defendant in the answer are referred to in the contract; and also, the provisions themselves indicate uncertainty in the minds of the parties, and recognition thereof, as to the time when plaintiff's services could be performed or when construction

could be commenced. In any event, as defendant recognizes, where no time for performance is provided in the written instrument the law implies that it shall be done within a reasonable time; and nowhere does defendant challenge that plaintiff did perform within a reasonable time. The sole defense is the breach of a *prior* oral promise to perform "approximately two months" from the execution of contract. Its allegation, purely and simply, seeks to supply a provision in the contract which was not there, and is subject to the application of the parol evidence rule.

Defendant does not allege that the oral promise was omitted from the contract through fraud, accident or mistake—the only basis upon which it can defend this action. In *Bokser v. Lewis,* 383 Pa. 507, 511, 119 A. 2d 67, we held: "In the absence of fraud, accident or mistake, parol evidence as to preliminary negotiations or oral agreements and as to a prior or contemporaneous oral promise or representation or agreement is not admissible in evidence if it adds to or modifies or contradicts or conflicts with a written agreement which purportedly contains the entire agreement between the parties." The instant writing is the only evidence of their agreement and all preliminary negotiations were merged in and superseded by it. "Any parol agreement that subjects the obligation on the instrument to any condition or contingency, whether in person, *time* or amount, is ineffective, and the instrument is unconditional, unless fraud, accident, or mistake was the means through which the instrument was procured: *Speier v. Michelson,* 303 Pa. 66, 72, 154 A. 127.

Nor can defendant be sustained in its contention that it was error to enter judgment on the pleadings. The parol evidence rule is not one of evidence, but of substantive law: *O'Brien v. O'Brien,* 362 Pa. 66, 72, 66 A. 2d 309. Not only must the pleading aver the

omission of the oral promise from the writing through fraud, accident or mistake (*Speier v. Michelson*, 303 Pa. 66, 154 A. 127), but it must also aver the fraud or mistake with particularity (Pa. R. C. P. 1019(b).) Defendant's allegations supplied neither of these requirements. That judgment could be entered on the pleadings cannot be questioned: *Mathers v. Roxy Auto Company*, 375 Pa. 640, 641, 101 A. 2d 680.

Situated as these parties were, they would naturally and normally include in the written contract any promise as to definite time for completion of the plans. This is the test (*Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 323, 324, 126 A. 791), and defendant's allegations do not meet it. The oral and written agreements relate to the same subject matter and are so interrelated that both would be executed at the same time in the same contract, so that the subject of the oral agreement must be taken to have been covered by the writing. See *Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 324, 126 A. 791.

Judgment affirmed.