385 A.2d 504

## BOOK METALS CORPORATION

### v.

### SITKIN SMELTING & REFINING, INC. (successor to Sitkin Metal Trading, Inc.), Appellant.

Superior Court of Pennsylvania.

Argued March 16, 1977.

Decided April 13, 1978.

---

22

John C. Howett, Jr., Harrisburg, with him Richard M. Mohler, Lewistown, for appellant.

R. L. Gingrich, Lewistown, with him Albert Houck, Lewistown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from summary judgment.

Book Metals Corp. sued Sitkin Smelting & Refining Co. for failure to pay in full for some scrap metal sold by Book to Sitkin in September, 1973. Book alleged that the balance due was $22,600. Sitkin in its answer and counterclaim admitted the balance due but claimed a setoff of $22,200 which Sitkin alleged arose in early 1973, when a check for that amount given by Book to Sitkin in payment of a debt

had "bounced" twice, with no payment to Sitkin ever resulting.

Book replied, denying the setoff and attaching an agreement, dated July 18, 1973, by which Sitkin assigned to one Natalie Jacobs "all monies and claims due the assignor from Book," for consideration of $15,000. Thus, Book alleged, its obligation to make good the dishonored check was owed to Jacobs, not Sitkin.

Sitkin in its counter-reply alleged that the assignment did not in fact transfer to Jacobs the right to collect the $22,200. In support, it attached part of a debt composition agreement, dated July 18, 1973 (the same day as the assignment to Jacobs), by which Book had agreed with its creditors on new debt payment schedules. The agreement said that the total amount Book still owed Sitkin was $30,000. According to Sitkin: this total amount did not include the $22,200 value of the dishonored check; since the assignment was contemporaneous with the agreement, the assignment should be held to affect only the amount of debt referred to in the agreement; therefore, the right to collect the $22,200 had not been transferred to Jacobs but remained in Sitkin.

Both parties moved for summary judgment. The lower court held that parol evidence could not be introduced by Sitkin to vary or explain either the assignment or the debt composition agreement, and entered summary judgment for Book. This appeal followed.

Sitkin argues that the assignment is vague or ambiguous and that therefore parol evidence is admissible to show what the parties meant by the word "all" in the provision that "all monies and claims" due Sitkin from Book were assigned to Jacobs. However, the assignment does not appear to us to be vague. *See Cannon v. Bresch*, 307 Pa. 31, 34, 160 A. 595, 596 (1932) ("[T]he word 'all' needs no definition . . . ."); *Tate-Jones & Co. v. Union Elec. Steel Co.*, 281 Pa. 448, 126 A. 813 (1924) (word having common or generally accepted ordinary meaning is supposed to have been so intended, unless it is plain from context that it was used in another sense). Sitkin's reliance on *Evans v. Marks*, 421 Pa. 146, 218

A.2d 802 (1966), is misplaced, for there it was held, not that the word "all" was vague or ambiguous, but that the parties made a mistake in the transaction.

Sitkin also argues that parol evidence is admissible to show fraud or mistake in the execution of the debt composition agreement. Specifically, Sitkin says that after the check for $22,200 "bounced", the entry of a credit on Sitkin's books was by inadvertence not altered again to show a debt receivable, so that when the list of all debts due from Book was drawn up, the $22,200 was mistakenly omitted.

If Sitkin could indeed prove this, it might go on to show a mutual mistake in the assignment, in that the parties to the assignment thought "all" could mean no more than the debt composition total, because they believed there were no other outstanding debts. However, in its pleadings Sitkin did not allege fraud or mistake, and the rule is, not only must fraud or mistake be pleaded, they must be pleaded with particularity. *Herman v. Stern*, 419 Pa. 272, 213 A.2d 594 (1965); *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961); *Lefkowitz v. Hummel Furn. Co.*, 385 Pa. 244, 122 A.2d 802 (1956); Pa.R.C.P. 1019(b).[1] In its pleadings, Sitkin alleged only that when the written instrument defines property generally, parol evidence is admissible to define it specifically—a contention we need not consider as it has been abandoned on appeal.

Given the fact that the assignment was not vague or ambiguous, and that no fraud or mistake was pleaded, the entry of summary judgment was proper.

In *Rose v. Food Fair Stores, Inc.*, 437 Pa. 117, 262 A.2d 851 (1970), Food Fair sold Rose some shares of stock, and as part

1. In preliminary objections to Book's complaint, Sitkin alleged that the nonpayment on the $22,200 check was fraudulent and that Book was guilty of "other acts and conduct . . . both fraudulent and wrongful." Even if we consider this to be an allegation of fraud or mistake as to the debt composition agreement, it falls short of the required particularity. Appellant did allege fraud or mistake in an affidavit in support of its motion for summary judgment. However, the affidavit was filed late—after oral argument—and the lower court struck it as untimely.

of the agreement Rose signed an "investment letter" saying he did not intend to resell the shares within the foreseeable future.[2] Rose subsequently sued Food Fair claiming an oral agreement that Food Fair would register the securities, or otherwise make them negotiable, soon after the sale. The Court held:

> The applicability and effect of the parol evidence rule is properly considered in the context of a motion for summary judgment. . . . Of course, if there are factual issues bearing on the *applicability* of the parol evidence rule or other genuine issues as to material facts, then the case ought properly to proceed to trial.

437 Pa. at 120, 262 A.2d at 853 (emphasis supplied). Finding no such factual issue, the Court affirmed an award of summary judgment for Food Fair.

*Lefkowitz v. Hummel Furn. Co., supra,* is a similar case involving judgment on the pleadings. Lefkowitz sued Hummel for payment for work performed. Hummel defended by alleging that Lefkowitz had breached an oral promise that the work be done within two months. Affirming entry of judgment on the pleadings, the Court stated:

> Defendant does not allege that the oral promise was omitted from the contract through fraud, accident or mistake—the only basis upon which it can defend this action. . . .

> Nor can defendant be sustained in its contention that it was error to enter judgment on the pleadings. The parol evidence rule is not one of evidence, but of substantive law . . . .

385 Pa. at 247, 122 A.2d at 804.

*Accord, Potts Manufacturing Co. v. Loffredo,* 235 Pa.Super. 294, 340 A.2d 468 (1975) (judgment on pleadings granted where defense was based on oral promise, without any

**2.** This was necessary to avoid registering the shares under the Securities Act of 1933; with such a letter the sale was not a "public offering."

allegation of fraud, accident, mistake or ambiguity so as to escape parol evidence rule).

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.