Bobby C. ECHOLS, Plaintiff,

v.

Herb STRICKLAND, et al., Defendants.

Civ. A. No. B–79–99.

United States District Court,
S. D. Texas,
Brownsville Division.

Nov. 4, 1981.

James C. Harrington, Jose Antonio Gomez, Oficina Legal Del Pueblo Unido, San Juan, Tex., for plaintiff.

Travis Hiester, Atlas & Hall, B. Buck Pettitt, Jones & Lewis, McAllen, Tex., for defendants.

## ORDER

KAZEN, District Judge.

■ Pending before the Court is a Motion for Summary Judgment filed by Defendants Herb Strickland, Tommy Wilson, Brig Marmolejo and the County of Hidalgo, Texas, on the grounds that the cause of action alleged against them is barred by the statute of limitations. Art. 5526, V.A.T.S. The events complained of occurred on May 1, 1977. Plaintiff's Original Complaint was filed on April 27, 1979, within the two-year limitations period. However, as pointed out in this Court's Memorandum and Order of September 26, 1980, this Court is directed to apply not only the applicable state statute of limitations but also the state statute for tolling limitations. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Rubin v. O'Koren*, 644 F.2d 1023 (5th Cir. 1981). In Texas, not only must a suit be timely filed, but there must also be a bona fide intention that service of process be issued and served, and due diligence must be exercised in such regard. *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1112 (5th Cir. 1981); *City of Gainesville v. Harder*, 139 Tex. 155, 162 S.W.2d 93 (1942); *Reed v. Reed*, 158 Tex. 298, 311 S.W.2d 628 (1958); *Rigo Manufacturing Co. v. Thomas*, 458 S.W.2d 180 (Tex. 1970); *Walker v. Hanes*, 570 S.W.2d 534, 539 (Tex.Civ.App.1978, writ. ref. n. r. e.).[1] It is undisputed that the Defendants were not served until August, 1980, after Plaintiff filed his First Amended Complaint. The issue to be decided then is whether Plaintiff used due diligence in his attempt to serve the Defendants.

■ Plaintiff argues first that the statute of limitations must be affirmatively pled and failure to plead an affirmative defense constitutes a waiver of that defense by the Defendants. *Jones v. Miles*, 656 F.2d 103, 105 (5th Cir. 1981). The statute of limitations is expressly listed as a defense which must be affirmatively pled in Rule 8(c), Fed.R.Civ.P. A literal reading of the rule suggests that this affirmative defense must be pled in a responsive pleading, *i. e.*, an answer. It seems that only Defendant Strickland has complied with that requirement by pleading limitations in his Original Answer. Defendant Wilson's Original Answer contains no such plea nor does the Original Answer of Hidalgo County. Defendant Marmolejo apparently has not filed any responsive pleading and thus is technically in default. Nevertheless, it is also true that both Hidalgo County and Marmolejo earlier filed motions to dismiss, specifically on the grounds that this action was barred by the statute of limitations.

---

1. In holding that Plaintiff must comply with the Texas statute requiring suit to be commenced and diligently prosecuted within the requisite time period, the Court is fully aware of the provisions of Rule 3, Fed.R.Civ.P., that a civil action is "commenced" in federal court simply by the filing of a complaint. The Court is also aware of decisions such as *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184 (5th Cir. 1980), and cases cited therein, to the effect that in federal court, for federal causes of action such as a claim under Title VII, there is no requirement of diligent service of process and the filing of the complaint is enough to toll the statute of limitations. On the other hand, however, it is now clear that were the instant suit based on diversity jurisdiction, the Texas requirement of diligent prosecution would clearly apply. *Walker v. Armco Steel Corp.*, 446 U.S.

740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Finally, and what distinguishes the instant case from *Caldwell*, is the holding that in a § 1983 suit, the federal courts are obligated to apply not only the applicable state statute of limitations but also any applicable state statute for tolling limitations. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Thus, the issue here does not involve whether to adopt the federal or state definition of when a lawsuit is "commenced". Instead, the question is whether the Texas requirement that a suit be commenced *and prosecuted* within two years, Article 5526, V.A.T.S., is a tolling provision. The Fifth Circuit has characterized it as such, *Ellis v. Great Southwestern Corp.*, 646 F.2d at 1103, and this Court fully agrees.

Those motions were denied. Moreover, all four Defendants now join in the motion for summary judgment based on that same defense. Because this case is still in the pretrial stage and because the Defendants would therefore generally be permitted to avail themselves of the liberal amendment provisions of Rule 15 by filing amended answers with proper invocation of the defense, the better view is that the defense has not been waived. *Greenwald v. Cunard Steam-Ship Company*, 162 F.Supp. 250 (S.D. N.Y.1958); Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1278, p. 344 (1969); *see United Transportation Union v. Florida East Coast Railway*, 586 F.2d 520, 527 (5th Cir. 1978). Accordingly, the Court will proceed to consider the defense on its merits.

■ Defendants have submitted affidavits to the effect that they were never served with the Original Complaint, and were not aware of this action until some time in August, 1980, when Plaintiff's First Amended Complaint was served. This, Defendants contend, is sufficient evidence of lack of due diligence on the part of the Plaintiff to support a motion for summary judgment. Summary judgment is appropriate only when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.R.Civ.P. 56(c). In determining whether summary judgment is appropriate, the record is reviewed in the light most favorable to the party opposing the motion, and the burden is on the moving party to show that there is no genuine issue of material fact before the court. *First National Bank of Las Vegas, New Mexico v. Estate of Russell*, 657 F.2d 668 (5th Cir. 1981). Furthermore, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed.R.Civ.P., Rule 56(e).

■ Plaintiff argues that due diligence was in fact exercised in procuring service upon the Defendants. With respect to Defendants Wilson and Strickland, Plaintiff submits affidavits demonstrating that their whereabouts were difficult to ascertain and efforts to locate them were fruitless between April, 1979 and the time that each was served in 1980. Therefore, the Court finds that as to those Defendants, a genuine issue of fact exists as to whether Plaintiff exercised due diligence. *Ellis v. Great Southwestern Corp.*, 646 F.2d at 1113.

With regards to Sheriff Marmolejo, however, the Court cannot so find. Sheriff Marmolejo has submitted an uncontested affidavit that he has been the Sheriff of Hidalgo County since January 1, 1977, with his office located at the Hidalgo County Courthouse or Hidalgo County Detention Center since then. His whereabouts were obvious to the community and papers could have easily been served upon him. Plaintiff does not even try to explain why he took some sixteen months to serve the sheriff of his own county. The only argument advanced by the Plaintiff is that Sheriff Marmolejo has waived the affirmative defense of limitations, an argument already rejected by the Court. Under Texas law, if the delay in obtaining service of process is unexplained, a delay of as little as six months constitutes lack of diligence as a matter of law. *Ellis, supra* at 1114. Accordingly, Plaintiff having failed to articulate any facts explaining the delay in serving Defendant Marmolejo, a summary judgment will be granted as to Marmolejo. To complete the record, however, Marmolejo shall forthwith file a responsive pleading properly invoking the limitations defense.

■ The final question to be resolved is the limitations defense asserted by the County of Hidalgo. The County as such was not a named defendant when Plaintiff's Original Complaint was filed in April, 1979. It was added as a named defendant in the First Amended Complaint filed on August 14, 1980. At that time, the County promptly filed its motion to dismiss, urging

that as to it, Plaintiff's cause of action, allegedly occurring in May, 1977, was barred on its face. It was this motion which caused the Court to issue its Memorandum and Order of September 26, 1980. At that time, the Court declined to dismiss the County on the pleadings alone. The Court reasoned that under the rationale of *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980), the Sheriff in his official capacity and the County might be considered as essentially inseparable parties and therefore suit against the Sheriff would be tantamount to suit against the County. *See Collins v. Thomas*, 649 F.2d 1203 (5th Cir. 1981). It would therefore follow that the amended pleading against the County filed in 1980 could relate back to the complaint against the Sheriff filed in 1979. *See Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980). The Court reserved a final ruling either way, however, because of the observation that while the Sheriff had indeed been sued in 1979, he had never been served until August 28, 1980 and therefore it was entirely possible that the 1979 filing of the complaint did not toll the statute of limitations. The Court has now resolved that question, holding that the statute was not tolled merely by filing the original complaint against the Sheriff in April, 1979. The conclusion is therefore inescapable that the limitations plea by the County must also be sustained. Implicit in the relation-back concept of Rule 15(c), Fed.R.Civ.P., is the proposition that the original pleading to which the later pleading relates back did in fact toll the applicable limitations period. *See Montalvo v. Tower Life Building*, 426 F.2d 1135, 1147 (5th Cir. 1970). It would be ludicrous to hold that the mere filing of the complaint in April, 1979 did not toll the statute of limitations against Sheriff Marmolejo because of non-diligent prosecution of the case while holding at the same time that such filing did effectively toll the statute as to the County because of a relation-back theory. Moreover, one express requirement of Rule 15(c) is that the newly added defendant, *i. e.*, Hidalgo County, must have received notice of the action within the period provided by law for commencing the action against it. *Kirk v.*

*Cronvich*, 629 F.2d at 407. In this case, it is clear from examining the First Amended Complaint that the liability against Hidalgo County is entirely predicated upon the alleged misconduct of Sheriff Marmolejo. Since the record is now clear that Sheriff Marmolejo had no notice that he was being sued until August, 1980, it cannot be said that Hidalgo County had any earlier notice. Plaintiff's argument on this point is frankly somewhat strained. He contends that Hidalgo County, and presumably Sheriff Marmolejo likewise, had "notice" of the institution of this suit because Defendant Wilson had been sued on several occasions in his former capacity as a McAllen policeman and therefore Hidalgo County was aware of Wilson's "propensity of engaging in unconstitutional acts". *Plaintiff's Memorandum*, p. 6. Plaintiff also cites a newspaper article printed in March, 1977 wherein Plaintiff's attorney is quoted as requesting the F.B.I. to investigate the incident in question. Finally, Plaintiff observes that Defendant Wilson was sued in another civil rights case in June, 1977, *Bazan, et al. v. Wilson*, No. B–77–202 (S.D.Tex., Brownsville Division). Even assuming that Sheriff Marmolejo had some notice that Wilson was sued on earlier occasions, this would not cause him to believe that he himself would be sued for Wilson's transgressions. The newspaper article in question makes no reference to any potential claim against the Sheriff. Finally, the history of the *Bazan* case, if anything, tends to militate against Plaintiff's position. In that case, Defendant Wilson was sued in September, 1977. The complaint reveals, however, that he was sued as a deputy sheriff of Hidalgo County, Texas, but that neither the Sheriff nor the County itself were sued. No effort was made to add either Sheriff Marmolejo or Hidalgo County as a defendant in the *Bazan* case until July 28, 1980, when Plaintiff requested leave to file a second amended complaint. Indeed, if the foregoing circumstances tend to prove anything, it would be that by August, 1980, Sheriff Marmolejo and therefore Hidalgo County, would have reasonably concluded that they would not likely be sued for the alleged misconduct of the deputies. Finally, Plaintiff argues that

once Hidalgo County was deemed to be a "person" by the ruling in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), it should have realized that it would be sued in this case. Again, the argument is a non-sequiter. Thus, assuming the County should have realized that it was subject to suit after *Monell*, the fact remains that this suit was originally filed in April, 1979, almost a year after *Monell*, and yet the County was not named as a party defendant. No effort was made to name the County as a party defendant until August, 1980, more than two years after *Monell*. Thus, the statute of limitations would have already expired, absent any relation-back. Since the Court has already concluded that relation-back does not apply in this particular case, the County's limitation defense is valid.

In summary, therefore, the Motion for Summary Judgment is DENIED as to Defendants Wilson and Strickland. The Motion will be granted as to Defendants Marmolejo and the County of Hidalgo, subject, however, to those Defendants immediately filing amended answers properly pleading the limitations defense.