### Patricia KESTER

v.

### STATE FARM FIRE AND CASUALTY COMPANY.

#### Civ. A. No. 88–9844.

United States District Court, E.D. Pennsylvania.

Dec. 11, 1989.

Roger J. Harrington, Philadelphia, Pa., for plaintiff.

Bonnie Sue Donahey Stein, Morrisville, Pa., for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This diversity matter comes before the court upon the defendant's motion for summary judgment. Oral argument on this motion was heard by the court on October 27, 1989. For the reasons expressed below, we believe that the defendant's motion should be granted, subject to the condition stated herein.

Before embarking upon a discussion of the relevant law, it is first necessary to provide a brief chronology of events in the instant case. On or about February 11, 1988, the plaintiff's dwelling allegedly sustained windstorm damage. At the time of this incident, homeowner's insurance policy # 78–18–9944–8 was in effect between the plaintiff and the defendant. The defendant first received notice of the alleged loss on July 19, 1988, when it received a letter from Eastern Public Adjusters ("Eastern") who represented the plaintiff. Eastern had evaluated the plaintiff's claim at $12,782.96 and submitted an estimate for that amount to the attention of Robert Evans, the claims adjuster assigned to handle this case for the defendant. Mr. Evans prepared an estimate for the defendant, after an inspection of the plaintiff's property. That estimate came to $1,878.64.

On September 6, 1988, the defendant wrote a letter to the plaintiff, questioning whether or not the defendant was obligated for the loss because of the plaintiff's delay in providing written notice of the loss to the company. On or about November 22, 1988, Mr. Evans sent a letter to the plaintiff's agent concerning the defendant's estimate. On November 30, 1988, the plaintiff filed suit in the Philadelphia County Court of Common Pleas. The defendant answered the complaint and also removed the case to Federal court on the grounds of diversity jurisdiction. On or about December 1, 1988, the defendant received a sworn proof of loss on behalf of the plaintiff. On March 23, 1989, the defendant, through its counsel, made a written demand upon the plaintiff for appraisal under the terms of the insurance policy. By letter, dated April 4, 1989, the defendant notified the plaintiff's counsel that it was appointing Michael Potter of Maryland as its appraiser. The plaintiff has not designated an appraiser.

Paragraph 6 of the homeowner's policy issued by the defendant reads in pertinent part:

> *Appraisal.* If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. . . .

Paragraph 6 also states: "If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss."

Paragraph 8 of the policy further provides: "*Suit Against Us.* No action shall be brought unless there has been compliance with the policy provisions. The action

must be started within one year after the date of loss or damage."

Fed.R.Civ.P. 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule provides the court with a useful tool when the critical facts are undisputed, facilitating the resolution of a pending controversy without the expense and delay of conducting a trial made unnecessary by the absence of factual dispute. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is inappropriate, however, where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* 106 S.Ct. at 2511. However, if the evidence is merely "colorable" or is "not significantly probative," summary judgment may be granted. *Id.*

In a summary judgment action, the moving party bears the initial burden of identifying for the court those portions of the record which it believes demonstrate the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Following such a showing in a case where the non-moving party is the plaintiff and therefore bears the burden of proof, it must by affidavits or by the depositions and admissions on file "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Id.* 106 S.Ct. at 2552–53; *Anderson*, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). In

making its ruling on a summary judgment motion, the court must view all inferences in a light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982), must resolve all doubts against the moving party, *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.1985), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985), and must take as true all allegations of the non-moving party that conflict with those of the movant, *Anderson*, 106 S.Ct. at 2513.

With these standards in mind, we now turn our attention to the motion before us. The central issue in the instant case is this: does the existence of the policy's appraisal clause preclude the plaintiff from bringing this court action? We do not find the parties to be in disagreement with the facts which we have set forth above. We, therefore, consider the disposition of the instant case to turn upon the application of the relevant law to these facts.

In order to invoke the appraisal provision of a policy, the insurer must admit liability and there must be a dispute only as to the amount of the loss. *Ice City, Inc. v. Insurance Company of North America*, 456 Pa. 210, 314 A.2d 236, 240 (1974). Also, "*if* appraisal is not requested, or the request is fruitless, or appraisal proceedings are inclusive or abandoned by the parties' joint consent or *liability is denied, then the appraisal provision in the contract may not bar the insured from bringing an action for relief in the courts.*" *Id.* 314 A.2d at 239 (footnotes omitted) (emphasis supplied). In none of its communications with the plaintiff did the defendant expressly deny liability for the claim and the defendant explicitly admitted liability in open court at the hearing on this motion held on October 27, 1989.

The plaintiff argues, however, that the defendant definitively denied liability when it answered her complaint. While it is true that the answer filed by the defendant in response to the plaintiff's complaint

denied liability on fraud and other grounds, there is authority to suggest that such response does not constitute a denial. Authorities cited in 3 A.L.R.3d 383, 416 (1949) hold that an insurer's denial of liability, which is raised for the first time in an answer to a complaint, does not amount to a waiver of the condition precedent. In *Kahnweiler v. Phoenix Insurance Co.*, 57 F. 562 (D.Kan.1893), *rev'd on other grounds*, 67 F. 483 (8th Cir.1895), the court stated:

> [T]he plaintiffs insist that the provision in the policy for arbitration has been waived by the company, and is inoperative; that the company could not invoke that provision to abate or defeat the plaintiffs' suit, because it made no demand for arbitration, and *because it denies its liability in toto. This denial of liability in toto appears for the first time in the answer of the defendant in this suit.* Up to that time the company had offered to pay its proportion of what it claimed was the actual loss of the insured, but there was an irreconcilable difference between the parties as to the amount of that loss, thus bringing the case within the provisions of the arbitration clause of the policy. *Inasmuch as the arbitration should precede any suit, at no time during the period for arbitration did the company deny its liability for the loss. That the company has set up in one count of its answer a denial of any liability does not affect the case.* It might waive any objection to the cause of the fire, and offer to settle, to avoid litigation; but this would not effect [sic] its right, when sued, to set up in its answer any legal defense it had to the action....

In *Carp v. Queen Insurance Co.*, 104 Mo.App. 502, 79 S.W. 757 (1904), the court also considered whether the denial of liability in an answer to the complaint constituted such denial of liability as would preclude resort to appraisement. The *Carp* court concluded that it did not, stating: "The denial of liability which dispenses with the necessity of an appraisal must occur, except under special circumstances, before answering in a suit on the policy; for a suit will not lie without previous appraisal, when the company has not denied liability or otherwise waived the condition." *Id.* 79 S.W. at 760. In the instant case, the defendant did not deny liability before filing its answer to the plaintiff's complaint.

■ The plaintiff raises, but does not brief, an argument that, under Pennsylvania law, as expressed in *Judge v. Celina Mutual Insurance Company*, 303 Pa.Super. 221, 449 A.2d 658, 661 (1982), "an affirmative defense not properly pleaded is waived." The plaintiff is here referring to the appraisal clause in the policy. The plaintiff has not explained why a Pennsylvania Rule of Civil Procedure (Pa.R.C.P. 1030) should be applicable to the instant case in Federal court. Under the Federal Rules of Civil Procedure, Rule 8(c) deals with "Affirmative Defenses". That rule reads, in pertinent part: "In pleading to a preceding pleading, a party shall set forth affirmatively ... arbitration and award...." It is true that the answer filed by the defendant does not raise the appraisal clause among its affirmative defenses. *Kahnweiler*, 67 F. 483 (8th Cir. 1895), was, in fact, reversed by the appellate court because of the failure to raise the existence of an arbitration clause in the answer to the complaint. *Karno–Smith Co. v. School District of City of Scranton*, 44 F.Supp. 860 (M.D.Pa.1942), addressed the propriety of the raising of the existence of an arbitration clause in a motion to dismiss. Said the court in *Karno–Smith:*

> It should ... be noted that rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 734c, requires certain defenses to be set forth affirmatively. Among these defenses which must be affirmatively pleaded are arbitration and award, ... Thus ... these grounds are not properly before the court on defendant's motion to dismiss....

*Id.* at 862.

The court in *Karno–Smith* denied the motion to dismiss and directed that an answer to the complaint be filed within twenty days from notice of its order.

In the instant case, we have no motion to dismiss before us, but we do have a motion for summary judgment which raises the issue of the appraisal clause as a bar to the

litigation of the amount of the plaintiff's loss. Fed.R.Civ.P. 15(a) stipulates the conditions and the timetable under which a party may amend its pleading. It reads in part pertinent to the instant case: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208 (3d Cir.1984), the Third Circuit has spoken of certain considerations which must be taken into account before an actual motion to amend may be granted. That court has said:

> Delay alone, however, is an insufficient ground upon which to deny a motion to amend. *Cornell and Co., Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820 (3d Cir.1978). Rather, the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed. *Id.* at 823.
>
> . . .

*Id.* at 1212.

We are mindful that there is not now before us a motion to amend the defendant's answer. We believe, however, that the words of the Third Circuit are equally applicable to the situation here. The Pennsylvania Supreme Court has stated: "It is beyond cavil that settlement of disputes by arbitration or appraisal is the approved public policy of this Commonwealth. [Citations omitted]." *Ice City*, 314 A.2d at 241. We can conceive of no prejudice to the plaintiff in allowing the defendant to file an amended answer raising the affirmative defense of the appraisal clause. The plaintiff will be in no worse position after such amendment as she has been before it. Moreover, amendment would serve to hon-

or Pennsylvania's public policy in favor of arbitration of disputes.[1]

■ We shall next proceed to dispose of the plaintiff's remaining arguments in the instant opinion. The plaintiff also argues that the defendant waived its right to appraisal by waiting until March 23, 1989 before requesting it. The policy in the instant case makes no provision for a time when appraisal must be requested. However, in *Lefkowitz v. Hummel Furniture Co.*, 385 Pa. 244, 122 A.2d 802, 804 (1956), the Pennsylvania Supreme Court stated: "[W]here no time for performance is provided in the written instrument the law implies that it shall be done within a reasonable time...." In the instant case, eight months elapsed between the insurer's first awareness of the plaintiff's loss (July 19, 1988) and its request for appraisal (March 23, 1989). We must now decide whether eight months constituted a "reasonable time."

Neither the parties' research nor our own has uncovered Pennsylvania case law regarding the issue of timeliness of a demand for appraisal. Other jurisdictions, however, have considered the matter and have concluded that "[t]he timeliness of a demand for an appraisal in each case depends upon the circumstances as they existed at the time the demand was made. Annot., 14 A.L.R.3d 674 (1967)." *Keesling v. Western Fire Insurance Company of Fort Scott, Kansas*, 10 Wash.App. 841, 520 P.2d 622, 626 (1974). *See also Hanby v. Maryland Casualty Co.*, 265 A.2d 28, 30 (Del.1970); *School District No. 1 v. Globe & Republic Insurance Co.*, 146 Mont. 208, 404 P.2d 889, 893 (1965). Also, the "circumstances" which have proven to be most

---

1. The granting of summary judgment, subject to the defendants' filing of an amended complaint raising the affirmative defense of statute of limitations, was the course chosen by the court in *Echols v. Strickland*, 92 F.R.D. 75 (S.D.Tex. 1981). The *Echols* court stated:

> Because this case is still in the pre-trial stage and because the Defendants would therefore generally be permitted to avail themselves of the liberal amendment provisions of Rule 15 by filing amended answers with proper invocation of the defense, the better view is that the defense has not been waived. *Greenwald*

*v. Cunard Steam–Ship Company*, 162 F.Supp. 250 (S.D.N.Y.1958); Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1278, p. 344 (1969); *see United Transportation Union v. Florida East Coast Railway*, 586 F.2d 520, 527 (5th Cir.1978). Accordingly, the Court will proceed to consider the defense on its merits.

*Id.* at 77.

We are also aware of the liberal amendment provisions of Fed.R.Civ.P. 15 and that is why we, too, have chosen to follow this course.

decisive are two: prejudice resulting from the delay and the breakdown of good-faith negotiations concerning the amount of the loss suffered by the insured. *Keesling*, 520 P.2d at 628; *School District No. 1*, 404 P.2d at 893.

In the instant case, the only "prejudice" which the plaintiff alleges seems related to the continued existence of her court action or related to the contractually mandated resort to appraisal in the event of the parties' disagreement over the amount of the loss. The plaintiff claims loss of a judicial forum in which to prove coverage, liability, replacement cost and interest, loss of a date certain for arbitration, expense in appointing an appraiser and umpire, and delay in resolution, apparently on the grounds that the defendant has appointed an appraiser from Maryland. We believe that none of these claims amounts to the sort of prejudice that would preclude giving free rein to the policy's appraisal clause. The plaintiff has also claimed prejudice in the expenditure of attorney's fees. However, as the court in *Keesling*, 520 P.2d at 628 opined:

> While authority can be found for the proposition that institution of suit by the insured serves to cut off the insurer's right to demand appraisal (*Littrell v. Allemania Fire Ins. Co.*, 250 N.Y. 628, 166 N.E. 350; *Davis v. Imperial Ins.*

*Co.*, 16 Wash. 241, 47 P. 439 (1896)), we think that the better view is that the inconvenience of bringing suit is just one circumstance to be considered in determining whether a delay in demanding appraisal was unreasonable, that is, whether the inconvenience suffered was sufficient to justify a refusal to proceed under the appraisal provision of the policy. *Stephens v. Union Assur. Soc.*, 16 Utah 22, 50 P. 626 (1897).

We do not believe that the plaintiff's institution of suit and consequent expenditure of attorney's fees warrants the conclusion that the appraisal clause must be considered waived in the instant case.

Nor can we say that there was a breakdown of good-faith negotiations prior to the initiation of this action. The defendant was not even aware of the plaintiff's loss until five months after it had occurred. From July, 1988 until late November, 1988, there was a good-faith dispute over the timeliness of the plaintiff's claim and over the amount of the loss sustained. At the end of November, 1988, the tenor of the parties' relationship changed, when the parties became adversaries in the suit filed by the plaintiff on November 30, 1988. We, therefore, believe that the plaintiff has not met this part of the circumstances "test", either.[2]

---

**2.** The plaintiff argues that the defendant's "full and complete log sheets are essential to a determination of timeliness". The defendant has produced, pursuant to a discovery request made by the plaintiff, numerous log entries made for the plaintiff's claim. It has refused to furnish, however, certain log entries, maintaining that they are non-discoverable because made after the commencement of the instant litigation. The plaintiff would have us deny this motion for summary judgment because it is not in possession of log notes made after the commencement of suit. In support of her argument, the plaintiff cites us to a slip opinion by Magistrate Naythons, *Regalbuto v. Republic Insurance Co.*, No. 88–3430, slip op., 1988 WL 90421 (E.D.Pa. August 25, 1988). In *Regalbuto*, however, there stood before the court a motion to compel log sheets made *prior* to suit and prior to an appraisal demand. Since the log sheets in the instant case were made *after* the start of litigation, we fail to see the relevance of *Regalbuto*. Also, the plaintiff evidently made no motion to compel the production of the log sheets made

after the commencement of litigation. The plaintiff may not now complain that she is not in possession of "full and complete log sheets".

The plaintiff also argues that the defendant's denial, of the existence of a statement given by plaintiff, followed by its subsequent explanation that it had taken a recorded statement by the plaintiff on September 27, 1988, but that no "statement" existed because the recording device had failed to function, entitles it to an "adverse inference" against the defendant "on any relevant fact." We do not agree. The plaintiff's own definition of "statement" is as follows: "a *written statement* signed or unsigned or a stenographic, mechanical, electrical *or* other *recording, or a transcription thereof,* which is substantially verbatim recital of an oral statement by the person making it contemporaneously recorded." (Emphasis supplied). Since the defendant had no "written statement" from the plaintiff and since there was no recorded statement or transcription thereof, we believe that the defendant was correct when it denied the existence of the plaintiff's statement.

As we have explained above, we believe that the defendant is entitled to an award of summary judgment in its favor, subject to the defendant's immediate filing of an amended complaint raising the affirmative defense of the existence of an appraisal clause in the policy.

An appropriate order follows.

## ORDER

AND NOW, this 11th day of December, 1989, upon consideration of the defendant's Motion for Summary Judgment and of the plaintiff's response thereto, it is hereby ORDERED that defendant is granted leave to file an amended answer and further, said motion for summary judgment is GRANTED effective December 21, 1989, when judgment shall be deemed entered, subject to the defendant's filing an amended answer properly pleading the defense of the existence of the appraisal clause in the policy before said effective date of summary judgment.