David E. BERRY, Plaintiff,

v.

FIRST NATIONAL BANK OF MERCER COUNTY, Defendant.

Civ. A. No. 91–1105.

United States District Court,
W.D. Pennsylvania.

Aug. 29, 1994.

Clair M. Carlin, Esquire, McLaughlin, McNally & Carlin, Youngstown, OH, for plaintiff.

Gary P. Hunt, Tucker Arensberg, P.C., Pittsburgh, PA, for defendant.

## MEMORANDUM OPINION

McKELVIE, District Judge (Sitting by Designation).

This is a tort case. The plaintiff, David E. Berry, is a guarantor of a construction loan. The defendant, First National Bank of Mercer County ("FNB"), is the bank that provided the loan. This case arises out of FNB's foreclosure on the loan and its efforts to collect from Berry amounts owed on the loan.

Berry claims FNB negligently failed to determine at the time it made the loan that the signatures of certain other guarantors were forgeries and it breached duties of good faith and fair dealing in pursuing him and not the other guarantors. He seeks compensatory damages in excess of $50,000 as well as interest, costs, and attorney fees.

During a July 11, 1994, telephone conference, the court reviewed the status of the case with counsel and invited the parties submit letter memoranda on whether or not the defendant was entitled to summary judg-

ment. The court has received the parties' papers and now addresses the merits of the claims.

## NATURE AND STAGE OF THE PROCEEDINGS

In April, 1989, Berry and Dominic Meffe decided to acquire a parcel of real estate in Sharon, Pennsylvania and build a restaurant on it. They incorporated Sharon Sizzlin' and borrowed $750,000 from FNB as a construction loan secured by the real estate. Meffe and Berry guaranteed the loan. Docket Item ("D.I.") 16. Robert and Maria Care and Stavros Koumaras also apparently guaranteed the loan.

As the result of defaults on the loan, FNB foreclosed on the mortgaged property. On May 25, 1990, FNB obtained judgment against Berry in the Court of Common Pleas of Mercer County pursuant to the confession of judgment clause in the suretyship agreement. *Id.* Berry did not seek to reopen the Common Pleas judgment. Instead, on July 1, 1991, Berry, filed this case alleging (1) FNB negligently failed to ensure that the guarantees on its original financing commitments were legal and accurate and failed to use due diligence in making the loan to Meffe; and (2) FNB breached its duty of fair dealing owed to Berry. D.I. 1.

## DISCUSSION

The plaintiff invokes this court's diversity jurisdiction. 28 U.S.C. § 1332. The agreement provides that this dispute shall be governed by Pennsylvania law. D.I. 16.

A court may grant summary judgment if it finds "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Turner v. Schering–Plough Corp.,* 901 F.2d 335, 340–41 (3d Cir. 1990). Furthermore, a court may grant summary judgment where the only issues to be resolved are purely legal. *United States v. Reader's Digest Ass'n,* 662 F.2d 955, 960–61 (3d Cir.1981), *cert. denied,* 455 U.S. 908, 102 S.Ct. 1253, 71 L.Ed.2d 446 (1982). Here, the issues to be resolved raise purely legal questions and thus summary judgment is proper.

First, Berry alleges FNB negligently failed to ensure that the signatures of the other guarantors of the loan were "legal and accurate." D.I. 1. A plaintiff cannot pursue a negligence claim absent a duty on the part of the defendant owed to that plaintiff. *Boyce v. United States Steel Corp.,* 446 Pa. 226, 285 A.2d 459, 461 (1971). Generally, courts have not found a duty running from a lender to a guarantor or to a debtor, unless the lender assumes such a duty. *Scott v. First Investment Corp.,* 556 F.Supp. 782, 784 (W.D.Pa.1983) (holding that a bank owed no duty to a borrower of funds used to purchase a home where the bank allegedly made negligent inspection of home prior to loaning money finding inspection of home purely for bank's benefit); *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n,* 413 F.Supp. 880, 885 (W.D.Pa.1976) (holding that a bank owed no duty to a purchaser of property where the bank held a mortgage on that property and allegedly negligently disbursed funds for the construction of a mobile home park on that property), *aff'd,* 554 F.2d 1254 (3d Cir.1977); *Federal Land Bank of Baltimore v. Fetner,* 269 Pa.Super. 455, 410 A.2d 344, 346 (1979) (same), *cert. denied,* 446 U.S. 918, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *accord Bank Leumi Trust Co. of New York v. Block 3102 Corp.,* 180 A.D.2d 588, 580 N.Y.S.2d 299, 300 (N.Y.App.Div.1992) (interpreting New York law). In *Bank Leumi,* the court stated that "[t]he legal relationship between a borrower and a bank is a contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its borrower or creditor." 580 N.Y.S.2d at 300. The court also stated that a bank owes no duty of care "to a guarantor with respect to the negligent administration of an underlying loan." *Id.*

Courts have refused to find a general duty of care between a lender and a guarantor. Furthermore, Berry has not cited any provision in the agreement from which the court could find that FNB assumed such a duty. Finally, Berry points to no caselaw that would allow the court to imply a duty of care between FNB and Berry.

As a result, this court finds that FNB owed no duty to Berry to ensure that the

signatures of the other guarantors were legal and accurate. Therefore, this court will grant summary judgment in favor of FNB and against Berry on the negligence claim.

 Second, Berry alleges that FNB breached a duty of good faith and fair dealing when it looked only to him to satisfy the loan and when it failed to foreclose on other property allegedly purchased with loan funds by another individual. In Pennsylvania, "[w]here a duty of good faith arises, it arises under the law of contracts, not under the law of torts." *Creeger Brick & Bldg. Supply Inc. v. Mid–State Bank & Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151, 153–55 (Pa.Super.Ct.1989). Thus, a borrower has no tort claim against a lender for alleged breach of a duty of good faith and must instead pursue such a claim as a breach of contract action. *Id.* However, even in a breach of contract action, courts will not permit the duty of good faith to "defeat a [lender's] express contractual rights." *Seal v. Riverside Federal Savings Bank*, 825 F.Supp. 686, 699 (E.D.Pa.1993).

A review of the suretyship agreement signed by Berry reveals that FNB complied with its express provisions. First, the agreement states that Berry absolutely and unconditionally guaranteed the loan. Second, the agreement specifically permits the bank to recover the entire amount of the loan from Berry with no obligation to pursue any other party to the loan. Third, the agreement permits the bank to release any of the other guarantors and still pursue Berry for the full amount. Berry identifies no provision to the contrary or any provision that would suggest that the bank has an obligation to pursue other guarantors or pursue other real estate not secured by the commercial mortgage. In the light of the fact that the bank simply complied with the express provisions in the agreement, Berry's claim of a breach of a duty of good faith must fail. Therefore, this court will grant summary judgment in favor of FNB and against Berry on the claims of breach of good faith.

*CONCLUSION*

For the foregoing reasons, this court grants the defendant's motion for summary judgment on all claims. The court will enter an Order in accordance with this Memorandum Opinion.