vital to subsequent investigations. This court agrees.

Court Opinion, 7/19/95 at 6–8. We agree.

The facts of this case, when viewed in conjunction with the weighing that is to occur in assessing a petition to expunge, do not warrant an *immediate* expunction of the appellant's arrest record. The passage of time without incident of alleged child molestation, when examined with the status of the appellant's circumstances then in existence, may prompt a different result. At this stage, however, there is sufficient reason to retain the appellant's arrest record for involuntary deviate sexual intercourse and corruption of a minor. Society calls for no less.

Order affirmed.

**Kevin and Marlene HODGES, Appellants**

v.

**PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 14, 1996.

Filed March 28, 1996.

Roger J. Harrington, Philadelphia, for appellants.

Daniel J. deLuca, Philadelphia, for appellee.

Before McEWEN, President Judge, and TAMILIA and BROSKY, JJ.

TAMILIA, Judge:

Marlene and Kevin Hodges appeal from the Order entered July 13, 1995 dismissing their complaint in this insurance action and ordering the parties to proceed to an appraisal. Since the timeliness of appellee's appraisal demand is at issue, a chronological review of the facts is necessary.

In August, 1992, the parties executed a homeowners insurance policy. Under section 1, entitled "Conditions," paragraph 6 of the policy provides:

> 6. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss....

Paragraph 8 of the policy provides:

> 8. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

(R. 24a.) On December 11, 1992, the roof of appellants' home was extensively damaged by a wind storm. On the same date, appellants notified appellee of the loss and appellee advised that appellant-husband, a contractor, make temporary repairs of the premises in order to avoid further damage. On January 5, 1993, appellee's adjuster confirmed "severe[ ] damag[e]" to appellants' residence. (R. 101a.) Thereafter, the par-

ties failed to agree on the amount of loss. Nonetheless, based on the adjuster's estimate, appellee paid appellants $8,320 by two drafts dated February 3, 1993. Appellants did not cash the checks and the parties continued to disagree on the amount of loss. During this time, appellant-husband engaged in extensive repair work at the residence. By letter dated October 29, 1993, appellee's adjuster requested from appellants additional information concerning the nature and cost of repairs that had been undertaken. The letter also provided as follows:

> Please be advised that Pennsylvania Millers Mutual Insurance Company intends to strictly enforce the one year (from the date of loss) policy provision for filing suit [paragraph # 8 quoted above]. No extension will be granted. This means that the one year will expire on December 11, 1993.

(R. 80a.) On December 9, 1993, appellants filed their writ of summons in the Court of Common Pleas of Philadelphia County and appellee was served with the summons on December 16, 1993. An arbitration date was set for June 7, 1994. On May 26, 1994, appellee served appellants with a Rule to File Complaint and appellants' complaint was filed on May 31, 1994. On July 8, 1994, appellee filed its answer and new matter stating, at paragraph 2, "this case should be dismissed so that the parties can follow the appraisal process required under the terms of the insurance policy." (R. 36a.) However, appellee made no appraisal demand to appellants.

On August 31, 1994, the action proceeded to arbitration and appellee claimed that appraisal should be utilized to resolve the parties' differences. The arbitrators rejected this argument and awarded appellants $34,216.20, the full amount of their claimed damages. On September 28, 1994, appellee appealed the arbitration award and demanded a jury trial. Trial was scheduled for March 6, 1995. Thereafter, by letter dated November 9, 1994, appellee wrote to appellants as follows:

> Consider this letter a formal request that the current complaint be dismissed so that both the plaintiff and the defendant can go through an appraisal process permitted under [appellants'] insurance policy.

(R. 42a.) On February 17, 1995, appellee filed its motion to dismiss on the basis that appraisal had been requested. By Order entered July 13, 1995, the trial court granted appellee's motion, dismissed appellants' complaint and ordered appraisal. This appeal followed.

On appeal, appellants claim "appellee's request for appraisal made twenty-three (23) months after notice of loss, after appellants were compelled to file suit due to the one-year contractual statute of limitations, after submission of the case to compulsory arbitration, after appellee's appeal from same, and after the assignment of a trial date, is untimely[.]" (Appellant's brief at 8.) Thus, appellants claim, appellee's right to request appraisal was waived and the Order dismissing appellants' complaint in favor of appraisal was in error. The trial court rejected this argument, holding that:

> The Appraisal provision's plain language states if either party to a damages dispute demands Appraisal the other side must comply. The provision does not provide a refusal option, *nor does it place a time frame in which Appraisal must be demanded.*

(Slip Op., Moss, J., 9/19/95, p. 4; emphasis in original.) In virtually identical language, appellee urges us to reject appellants' argument on the basis that:

> The plain meaning of [the] policy provision indicates that if either party to a dispute over the amount of damages requests appraisal, the other party must cooperate. There is no refusal option in this provision, nor is there any time limit stated within which appraisal must be requested.

(Appellee's brief at 5.)

We reject the contention of the trial court and appellee that a provision which is silent as to the time in which an appraisal request must be made permits a request at any time. Indeed, it is hornbook law that where no time is specified for performance of a contractual obligation, the courts will require that the obligation be performed within a "reasonable" time. *See* Farnsworth, Contracts (3d ed. 1982), § 3.28, p. 197 ("courts

have ... had little difficulty in supplying and enforcing terms under which a specified duty ... is to be performed within a "reasonable" time if no other time is stated."); Restatement, Second, Contracts, § 204 ("when the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court[,]" and Comment d, "if no time is specified, a term calling for performance within a reasonable time is supplied."); *Lefkowitz v. Hummel Furniture Co.*, 385 Pa. 244, 247, 122 A.2d 802, 804 (1956) ("[W]here no time for performance is provided in the written instrument the law implies that it shall be done within a reasonable time...."); *Barr v. Deiter*, 190 Pa.Super. 454, 459, 154 A.2d 290, 293 (1959) (where "lease designated no specified time and, in the absence of such designation, the option contained therein had to be exercised in a reasonable time considering all the circumstances").

Under the circumstances of the case *sub judice,* we find that appellee's "formal request" for appraisal, made 23 months after notification of appellants' claim, was untimely and prejudicial to appellants. Specifically, based on appellee's threat to "strictly enforce" the one-year time limitation for legal action, appellants were forced to prepare and prosecute this action through arbitration and appellee's appeal therefrom. Therefore, appellee has abandoned its right to now insist on appraisal pursuant to paragraph 6 of the policy. *Barr, supra.* (Contractual option to purchase land deemed abandoned where not exercised within reasonable time.)

Finally, we find the facts of *Kester v. State Farm,* 726 F.Supp. 1015 (E.D.Pa.1989), a case on which the trial court relied in dismissing appellants' complaint, distinguishable from those in the instant case. As noted by the court in *Barr, supra* at 459, 154 A.2d at 293, a determination of reasonableness is dependent upon "all the circumstances" of the case at issue. The circumstances of *Kester* reveal that the insurance company therein waited only eight months after notification of its insured's loss before requesting appraisal. Further, while the insured in *Kester* had filed suit prior to the appraisal demand, arbitration had not taken place and therefore no appeals were pending and a trial date had not been set. To the contrary, our case involves a 23–month delay, an adjudication favorable to appellants, an appeal and the scheduling of trial. Further, our case involves a threat to "strictly enforce" the time limitation for legal action which compelled appellants to file a complaint in order to protect their legal rights.[1] These facts are distinguishable from *Kester* and demonstrate prejudice to appellants caused by appellee's delay in requesting appraisal.

Based on the foregoing, we reverse the July 13, 1995 Order dismissing appellants' complaint and remand for trial.[2]

Order reversed; case remanded.

Jurisdiction relinquished.

---

1. Appellee notes that it granted appellants a 60–day extension in which to file suit. However, as appellee acknowledges, the extension was not granted until December 13, 1993, two days *after* the one-year limitation had expired. Thus, the extension did not alter the fact that appellants were required to file suit by December 11, 1993 in order to protect their legal rights.

2. Our remand renders unnecessary a discussion of appellants claims that appellee acted in bad faith and has not agreed to compensation for appellants' content damage and temporary living expenses. These issues will be adjudicated prior to or at trial.