**CONTIMORTGAGE CORPORATION, a Delaware corporation, Plaintiff,**

v.

**MORTGAGE AMERICA, INC., d/b/a Mortgage America Financial GRP, a Michigan corporation, Defendant.**

No. 97–5598.

United States District Court,
E.D. Pennsylvania.

May 4, 1999.

Patricia Hamill, Conrad, O'Brien, Gellman & Rohn, Philadelphia, PA, for Plaintiff.

Barbara T. Sicalides, Larry R. Wood, Pepper, Hamilton, LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a breach of contract action brought by the plaintiff, ContiMortgage Corporation ("CMC") against the defendant, Mortgage America, Inc., d/b/a Mortgage America Financial GRP ("MA"). Before the Court is CMC's Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on Counts I, III and IV of the First Amended Complaint and MA's Motion for Partial Summary Judgment on Counts II, III, and IV. For the following reasons, both motions will be denied.

### BACKGROUND

On July 29, 1993 CMC and MA entered into a Master Agreement for Sale and Purchase of Mortgages ("Agreement") to govern CMC's purchase of loans from MA. CMC and MA did business on a regular

basis until January 1997. On February 19, 1997 CMC notified MA of its breach of the Agreement and demanded that MA comply with the Agreement's terms requiring MA to provide certain remedies. After MA failed to provide these remedies, CMC filed the complaint on September 4, 1997 and amended it on June 5, 1998.

The First Amended Complaint contains four counts. Count I, II, III and IV correspond respectively to sections IV(F), VI(F), VI(E) and VI(A) of the Agreement. Section IV(F) states in pertinent part that:

> [i]n the event that a premium is paid by the Buyer to the Seller on a Loan and such Loan is prepaid by the Borrower, other than by a refinancing by the Buyer or any of its subsidiaries or affiliates or a refinancing by the Seller which is purchased by the Buyer, ... the Seller shall, upon demand by the Buyer, refund to the Buyer, ... the premium paid by the Buyer to the Seller.

(Agreement at 3). Section VI(F) provides that:

> in the event the Borrower fails to make the first payment due to the Buyer within thirty (30) days of the payment due date, regardless of whether such payment is subsequently paid by the Borrower, the Buyer, at its sole and absolute discretion, shall have the right to have Seller repurchase said Loan(s) at the Buy–Back Price.

(Agreement at 7). Section VI(E) states that:

> in the event that the Seller is required to deliver to the Buyer any documents related to a purchased Loan and the Seller fails to deliver such document in the proper form on the date or within the time period specified by the controlling section of this Agreement, Seller shall have thirty (30) days from the date of notice to cure the breach. If the Seller has not cured the breach within the thirty (30) day cure period, the Seller shall immediately repurchase the Loan upon the Buyer's demand.

(Agreement at 7). Section VI(A) provides that:

> [i]n addition to any rights or remedies the Buyer has at law or in equity, if at any time there is a breach of any representation or warranty set forth herein by Seller, the Seller shall upon demand of the Buyer and at the sole option and absolute discretion of Buyer: (1) repurchase the Loan affected for the Buy–Back Price within ten (10) days of notification[.]

(Agreement at 6). The action is governed by Pennsylvania law in accordance with the express intention of the parties. *See* (Agreement at 10).

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989)(citing *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrat-

ing the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990)(*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## II. CMC's Motion for Partial Summary Judgment

CMC moves for summary judgment on Counts I (Section IV(F) of the Agreement), III (Section VI(E)) and IV (Section VI(A)) claiming that MA failed to remedy contractual breaches in accordance with the Agreement after CMC made demands for remedy on February 19, 1997. In response, MA contends that a genuine issue of material fact exists regarding the timeliness of CMC's demands. A specific time frame for making such demands is absent from the Agreement.

■ Where the performance of a contractual obligation is unspecified, Pennsylvania courts will require that the obligation be performed within a reasonable time. *See Hodges v. Pennsylvania Millers Mut. Ins. Co.,* 449 Pa.Super. 341, 673 A.2d 973, 974–75 (1996); *see also, Restatement (Second) of Contracts* § 204 (1981) ("When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court. . . .") The court in *Hodges* applied a reasonable time frame to the parties right to demand an appraisal under a homeowners insurance policy. *See Hodges,* 449 Pa.Super. 341, 673 A.2d 973, 973–75. Moreover, the court explicitly rejected the defendant's argument that the absence of a time frame

permitted the defendant to make a demand at any time. *See Id.* at 974.

■ Nevertheless, CMC argues that it has the right to demand remedy at any time demand is deemed appropriate because the language of the Agreement indicated the parties intended CMC to have an unlimited right to make demands for remedy. Moreover, CMC wants the court to read the words, "at the sole option and absolute discretion of the Buyer" in Section VI(A) and "at [Buyer's] sole and absolute discretion" in Section VI(F), into all of the sections subject to CMC's summary judgment motion and interpret these words to mean CMC has an unlimited right to make demands for remedy.[1]

■ Under Pennsylvania law, " '[i]t is firmly settled that the intent of the parties to a written contract is contained in the writing itself.' " *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 613 (3d Cir.1995) (quoting *Samuel Rappaport Family Partnership v. Meridian Bank,* 441 Pa.Super. 194, 657 A.2d 17, 21 (1995) (internal quotations omitted)); *see also Kiewit Eastern Co., Inc. v. L & R Construction Co., Inc.,* 44 F.3d 1194, 1199 (3d Cir.1995) (" '[w]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed.' " (quoting *Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659, 661 (1982) (internal citations omitted))). CMC correctly points out that the court should not imply a term in a contract where there is an express written term already governing the same subject matter. *See, e.g., USX Corp. v. Prime Leasing, Inc.,* 988 F.2d 433, 438 (3d Cir. 1993); *Berry v. First National Bank of*

---

1. The court declines to read the words, "sole and absolute discretion," into Sections IV(F) (Count I) and VI(E) (Count III) because, as CMC itself stated, courts should not write a better contract for the parties than the one they themselves negotiated and executed. *See, e.g., Brezan v. Prudential Ins. Co. of America,* 507 F.Supp. 962, 964 (E.D.Pa.1981)

("Courts enforce but do not rewrite agreements into which the parties enter."); *Mellon Bank, N.A. v. Aetna Business Credit, Inc.,* 468 F.Supp. 656, 669 (W.D.Pa.1979) (refusing to rewrite contract freely signed). Therefore, any interpretation of these words for this motion will apply to Count IV alone.

*Mercer County,* 892 F.Supp. 127, 129 (W.D.Pa.1994), *aff'd,* 60 F.3d 813 (3d Cir. 1995); *AAMCO Transmissions, Inc. v. Harris,* 759 F.Supp. 1141, 1147 (E.D.Pa. 1991); *Hutchison v. Sunbeam Coal Corp.,* 513 Pa. 192, 519 A.2d ˙385, 388 (1986); *Stonehedge Square Ltd. Partnership v. Movie Merchants, Inc.,* 454 Pa.Super. 468, 685 A.2d 1019, 1025 (1996), *aff'd,* 552 Pa. 412, 715 A.2d 1082 (1998). However, CMC fails to show an express written term exists here to govern the time frame for making demands for remedy.

CMC cites to *Peoples Mortgage Co., Inc. v. Federal National Mortgage Assoc.,* No. CIV. A. 92–7275, 1995 WL 625645 (E.D.Pa. Oct.25, 1995), and argues that courts interpret similar agreements and language to negate any time limit. The *Peoples Mortgage* case, however, is inapposite. It is true that the parties in *Peoples Mortgage* had entered an agreement for the sale and purchase of mortgages. But, CMC did not show that the agreement in *Peoples Mortgage* contained language similar to the language of the Agreement or even the words, "sole and absolute discretion." Moreover, the court in *Peoples Mortgage* did not negate any time limit. Instead, the court in *Peoples Mortgage* found that the duty of good faith and fair dealing did not apply to limit the number and frequency of repurchase requests. *See Peoples Mortgage,* 1995 WL 625645 at *3–5.

█ It is clear that a genuine issue of material fact exists in Counts I, III and IV as to the reasonable time for making demands for remedy. Therefore, CMC's Motion for Partial Summary Judgment will be denied.

### III. *MA's Motion for Partial Summary Judgment*

MA moves for summary judgment on Counts II (Section VI(F) of the Agreement), III (Section VI(E)) and IV (Section VI(A)) claiming that CMC failed to make demands for remedy within a reasonable time as a matter of law. In response, CMC argues in part that a genuine issue of material fact exists as to what is a reasonable time frame for demands for remedy under Sections VI(F), VI(E) and VI(A) of the Agreement.

█ What is a reasonable time is ordinarily a question of fact to be decided by the jury. *See Vaskie v. West American Ins. Co.,* 383 Pa.Super. 76, 556 A.2d 436, 438–39 (1989). However, the court may decide what is a reasonable time as a matter of law " 'in such commercial transactions as happen in the same way, day after day, and present the question upon the same data in continually recurring instances; and where the time taken is clearly reasonable or unreasonable that there can be no question of doubt as to the proper answer to the question.' " *Id.* (quoting *Boyd v. Merchants' and Farmers' Peanut Co.,* 25 Pa.Super. 199, 205 (1904)).

MA asks the court to decide what is a reasonable time frame because of (1) the length of time between the contractual breaches and the demands for remedy and (2) deposition testimony by CMC employees and former officers that allegedly indicates thirty days as being the customary period within which CMC must make its demand. The court declines to do so, because MA failed to bring forward any evidence to indicate that a certain period of time is presumptively unreasonable in situations similar to the instant case and the deposition testimony arguably refers to CMC's duty to give notice of the breaches and not CMC's right to make a demand for remedy. MA's Motion for Partial Summary Judgment, therefore, will be denied.

### CONCLUSION