**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2365 & 12-2423
_____

EVERGREEN COMMUNITY POWER LLC,

Appellee/Cross-Appellant

v.

RIGGS DISTLER & COMPANY, INC.,

Appellant/Cross-Appellee

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-00728)
District Judge: Hon. Harvey Bartle, III
_____

Submitted under Third Circuit LAR 34.1(a)
February 11, 2013

Before: HARDIMAN and ALDISERT, Circuit Judges, and STARK,[*] District Judge.

(Filed February 12, 2013)
_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Evergreen Community Power LLC ("Evergreen") and Riggs Distler & Company,

_____

[*] Honorable Leonard P. Stark, Judge of the United States District Court for the District of Delaware, sitting by designation.

1

Inc. ("Riggs") appeal from three final orders[1] entered in the United States District Court for the Eastern District of Pennsylvania. Together these orders (1) awarded Evergreen $422,923.83 in damages for breach of contract, (2) awarded Evergreen $539,521.15 in attorneys' fees, and (3) held in favor of Evergreen on all of Riggs's counterclaims. We will affirm.

I.

Evergreen filed a complaint against Riggs for breach of contract after Riggs failed to complete pipe installation in an Evergreen power plant by the date specified in the parties' contract: January 31, 2009. Riggs filed a counterclaim for breach of contract; breach of the covenant of good faith and fair dealing; unjust enrichment; and promissory estoppel.

During the bench trial, Riggs conceded that it did not complete the pipe installation by the date specified in the contract—January 31, 2009—but argued that this date was not applicable because Evergreen added to Riggs's scope of work and the contract contained a provision stating that such an addition would render the specified date inapplicable. The District Court accepted this argument. It determined, however, that Riggs nonetheless breached its contract with Evergreen because even if the specified completion date was rendered inapplicable by Evergreen's additions to the scope of work, Riggs still had a duty to complete the project within a reasonable amount of time. The District Court determined this reasonable amount of time expired no later than April 27, 2009 but that the pipe installation was not finished until May 17, 2009. The Court held, therefore, that Evergreen had proven by a preponderance of the evidence that Riggs was liable for breach of the contract and awarded Evergreen $422,923.83. The Court also awarded Evergreen $539,521.15 for attorneys' fees, costs and expenses under the

---

[1] These Orders are dated January 19, 2012; April 9, 2012; and May 11, 2012.

contract's fee-shifting provision. Four issues are presented for our consideration, and we shall discuss them *ad seriatim*.[2]

II.

The first issue raised by the parties is whether Riggs breached its contract with Evergreen when it failed to complete its work by January 31, 2009. According to the contract, Riggs was required to complete the pipe installation by January 31, 2009 only if "no additions [were] made to the agreed upon scope of work." In interpreting this provision, the District Court concluded that "no additions" meant "no gross additions," and, because Evergreen had made gross additions to Riggs's scope of work, the January 31, 2009 deadline did not apply. Evergreen argues that "no additions" should have been read to prohibit any net additions to Riggs's scope of work—that is, the January 31, 2009 deadline should still have applied if Evergreen cancelled out any changes that added to the scope of Riggs's work with changes that subtracted from the scope of Riggs's work.

We agree with the District Court that "no additions" means "no gross additions." We need not, however, dwell on the issue of whether "no additions" should be interpreted to mean "no net additions" or "no gross additions" because it has no bearing on the

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. "In an appeal of a final judgment following a bench trial, we exercise plenary review over the District Court's conclusions of law." Colliers Lanard & Axilbund v. Lloyds of London, 458 F.3d 231, 236 (3d Cir. 2006) (citing Kosiba v. Merck & Co., 384 F.3d 58, 64 (3d Cir. 2004)). Findings of fact, however, shall not be set aside unless clearly erroneous. Id. (citing Rule 52(a), Federal Rules of Civil Procedure). "Clearly erroneous" has been interpreted to mean that a reviewing court can upset a finding of fact, even if there is some evidence to support the finding, only if the court is left with "the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). This means the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972).

3

outcome of this case. As we shall explain, the District Court did not err when it found that, even if the January 31 deadline did not apply, Riggs failed to complete the pipe installation in a reasonable amount of time, which it determined expired no later than April 27, 2009. Therefore, Riggs breached the contract no later than April 27, 2009. The District Court also found that Riggs's failure to complete the pipe installation did not begin to cause Evergreen any damages until April 27, 2009. Because Riggs's delay did not begin causing damages until April 27, it is immaterial whether the contract was breached on January 31 or sometime between January 31 and April 27.

III.

After concluding the January 31, 2009 completion date was inapplicable, the District Court did not err in (a) concluding Riggs was required to complete its work within a "reasonable time," (b) determining that this "reasonable time" extended no later than April 27, 2009 and (c) finding Riggs could not be held liable for delays that occurred before April 27, 2009, the date the vortex finder was installed.

"[W]here no time is specified for performance of a contractual obligation, the courts will require that the obligation be performed within a 'reasonable' time." Hodges v. Pa. Millers Mut. Ins. Co., 673 A.2d 973, 974 (Pa. Super. 1996).[3] Although the parties here did not argue directly the issue of what a "reasonable time for performance" would

---

[3] We reject Riggs's argument that a court may supply a "reasonable time for performance" term only when a contract is silent on the matter and not when a specified time for performance becomes inapplicable. Courts have supplied contracts with "reasonable time for performance" terms in similar situations, such as when a plaintiff waives a specified date for performance by accepting work from a party after that date has passed. See 15 Williston on Contracts § 46:14 (4th ed.). Here, Evergreen forfeited its right to demand performance by January 31, 2009 when it made gross additions to Riggs's scope of work thereby bringing into play a separate contractual provision explicitly relieving Riggs of this duty. Once the January 31, 2009 date was forfeited, the time for performance was altered to a reasonable period of time. See id.; Hodges, 673 A.2d at 974.

4

be if the January 31, 2009 completion date was determined to be inapplicable, the District Court's decision relied upon evidence presented by the parties, including documents that tracked additions and subtractions to Riggs's scope of work, and testimony regarding critical stages of construction and the roles various subcontractors and events had in ensuring timely completion.[4] It considered also what part Evergreen had in causing delays. See App. 38-39. ("Even assuming that there may have been some delays prior to April 27, 2009 because of the EWAs or RFIs, or because of reasons attributable to Evergreen such as priority changes, these delays did not prevent Riggs from finishing its work by [April 27]."). Additionally, the District Court's finding that Riggs could not be held liable for delays that occurred before the installation of the vortex finder was not clear error. Even if Riggs was responsible for delays that began accruing before the vortex finder was installed, it does not necessarily follow that these delays caused damages to Evergreen before the vortex finder was installed. Evergreen bore the burden of proof for each element of its claim, see Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)), and we hold that the District Court's determination was not "completely devoid of minimum evidentiary support," nor did it fail to bear any 'rational relationship to the supportive evidentiary data," see Krasnov, 465 F.2d at 1302.

IV.

The District Court did not err in refusing to award Evergreen all of its claimed

---

[4] We reject also Riggs's due process argument. The District Court did not, like the district court in Scully v. U.S. WATS, Inc., 238 F.3d 497, 515 (3d Cir. 2001), raise sua sponte a new theory of liability for plaintiffs nor, like in Doubleday & Co. v. Curtis, 763 F.2d 495, 502-503 (2d Cir. 1985), raise sua sponte a new defense for defendants, without allowing the opposing party an opportunity to respond. Here, the District Court was interpreting a contract, as district courts must often do, and it concluded that because the January 31, 2009 completion date was rendered inapplicable, Pennsylvania law required it to supply a "reasonable time for performance" term. See Hodges, 673 A.2d at 974.

attorneys' fees. The contract's attorneys' fees provision stated that Riggs would pay Evergreen all "reasonable" attorneys' fees incurred by Evergreen in the enforcement of any of Evergreen's "rights or remedies" under the contract. The District Court concluded that it would not be "reasonable" to award Evergreen all of its claimed attorneys' fees given its limited success at trial, especially on its consequential damages claim for which Evergreen was awarded nothing despite having spent substantial sums of money pursuing the claim. Because the District Court's determination appears to be in accordance with Pennsylvania law, we will affirm. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."); Carpenter Technology Corp. v. Armco, Inc., 808 F. Supp. 408, 411 n.2 (E.D. Pa. 1992) (determining that although Hensley concerned a statutory award of attorneys' fees under federal law rather than a contract clause to be interpreted under Pennsylvania law, "the Supreme Court's reasoning involving a statutory fee award is persuasive and applicable to a similar situation arising from a contract clause.").

V.

The District Court did not err in determining that Riggs bore the burden of proving that $255,000 paid to another subcontractor, Truskey, was actually owed to Riggs. When a party seeks to enforce a contract, or to recover damages for breach of a contract, "that party must prove that he has performed all of his own obligations under the contract." Trumbull Corp. v. Boss Const., Inc., 801 A.2d 1289, 1292 (Pa. Commw. Ct. 2002) (citation omitted). Here, Riggs filed a counterclaim against Evergreen for breach of contract. Consequently, Riggs bore the burden of proving it either (1) performed all of the work it was required to perform under the contract (meaning none of the work Truskey performed was within Riggs's scope of work) or (2) was unable to perform all of the

6

work it was required to perform under the contract because Evergreen wrongfully gave that work to Truskey. Either way, the District Court correctly determined that the burden of proof was on Riggs to establish that it fulfilled all of its obligations under the contract and was therefore entitled to payment of the full contract price.

* * * * *

Other sub-issues are presented, but we decide that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.