# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Honesdale,      :
               Appellant      :
                         :
          v.                : No. 795 C.D. 2018
                         : ARGUED: September 10, 2019
Michael C. Morris and Stephen G. Smith  :
                         :
Borough of Honesdale         :
                         :
          v.                :
                         :
Michael C. Morris           :
                         :
Borough of Honesdale         :
                         :
          v.                : No. 896 C.D. 2018
                         : ARGUED: September 10, 2019
Stephen G. Smith            :
                         :
Appeal of: Michael C. Morris and    :
Stephen G. Smith           :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: October 11, 2019**

The Borough of Honesdale appeals from orders of the Court of Common Pleas of Wayne County (1) partially granting the amended petitions to open confessed judgments of Stephen G. Smith and Michael C. Morris (Developers); (2) granting Developers' oral motion to mold the jury's verdict as to strike the

(confessed) judgments entered against them and to dismiss, with prejudice, the complaints for confession of judgment that the Borough had filed; and (3) denying the Borough's post-trial motion. In relevant part, Developers cross appeal from orders striking their counterclaims. We affirm all of the orders at issue.

The relevant background is as follows. In 2011, Developers formed Smith & Morris Holdings, LLC (SMH), purchased the Old Sullums Building at 560 Main Street in the Borough, and began renovating the 10,800-square-foot building (the project). SMH planned to use one-third of the building for a technical center/high-speed internet hub and the remainder for office space. Financing for the project included, *inter alia*, a grant through the Department of Community and Economic Development (DCED) for $255,076.00, a bridge loan with Dime Bank, and a construction loan agreement (Agreement) with the Borough.

As the applicant/grantee for the 2013 DCED grant, the Borough formed a three-person committee to handle its responsibilities and appointed a committee chair to manage the paperwork. As for the mechanics of the grant, "SMH was required to provide [the Borough] with invoices for qualifying expenses. Upon receipt of those invoices, [the Borough] was required to send DCED reimbursement requests. Grant money would not be disbursed by DCED until a reimbursement request was received from [the Borough]." (Trial Court's Sept. 28, 2018 Op. at 3.)

As for the April 2013 bridge loan, SMH secured interim financing with Dime Bank in the amount of $255,076.00 with the proceeds from the grant serving as collateral. In practice, SMH submitted invoices to the Borough and the committee chair reviewed them. Upon approval, the committee chair would send a letter to Dime Bank, which in turn would pay SMH's contractors.[1] (*Id*. at 7.)

---

[1] At some point, Dime Bank froze the account where the grant money was being deposited.

2

In May 2013, the parties entered into the Agreement whereby the Borough was to make progress payments to SMH pursuant to paragraph nine of the Agreement:

> During the Construction Period, progress payments will be disbursed by Lender [Borough] to Borrower's [SMH's] Contractor(s), upon Lender's receipt of Construction Progress Payment Authorizations executed by the Borrower, and a satisfactory inspection report from Lender's representative or nominee. Minor finish items of a cosmetic nature for which the Borrower is responsible must be completed before the final payment can be made to the contractor.

(*Id*. at 4.) Once the Borough received the authorizations, the Agreement did not specify the time by which the Borough was obligated to disburse progress payments (grant money) to SMH. (*Id*.)

In May 2013, Developers also entered into two personal guaranty and suretyship agreements in favor of the Borough by which they personally secured the obligation of SMH. On August 5, 2016, the Borough filed two complaints for confession of judgment, one against each of Developers in the sum of $304,176.31 based on their personal guaranty and suretyship agreements. The prothonotary entered both judgments.[2] Shortly thereafter Developers, acting pro se, filed answers with affirmative defenses and counterclaims, and petitions to open the confessed judgments. The trial court struck Developers' answers, affirmative defenses, and counterclaims but granted them the opportunity to file amended petitions to open the confessed judgments.

---

[2] For a total of $304,176.31, the calculation was as follows: original debt—$250,076.00 (Borough did not use $255,076.00); interest—$15,191.27; late fees—$1,397.64; and attorney's fees of 15% per document—$37,511.40. (Reproduced Record "R.R." at 73a.)

In February 2017, Developers' counsel filed amended petitions to open the confessed judgments. Notably, the amended petitions did not contain counterclaims. In June 2017, the trial court granted their amended petitions pursuant to Rule 2959 of the Pennsylvania Rules of Civil Procedure, stating that viewing the evidence in the light most favorable to them, they had raised a meritorious defense (breach of contract). In addition, the trial court stated that the exclusive issue to be tried was whether the Borough was contractually obligated under the Agreement to make disbursements to SMH pursuant to the schedule of progress payments set forth in the Agreement and whether the Borough breached the Agreement by disbursing the grant money to SMH in a manner so untimely, erratic, and improper that it caused the project to fail. (Trial Court's June, 15, 2017, Order.) In September 2017, the trial court consolidated the two cases.

In November 2017, Developers' counsel filed answers, new matter, and counterclaims. The Borough filed preliminary objections in the form of a motion to strike, to which Developers each filed an answer. In addition, Developers filed motions for summary judgment and the Borough filed cross-motions for summary judgment. In January 2018, the trial court granted the Borough's motion to strike the answers, new matter, and counterclaims from the record, citing Rule 2960 of the Pennsylvania Rules of Civil Procedure. The trial court denied both parties' motions for summary judgment, characterizing the issue of whether the Borough disbursed the grant money to SMH within a reasonable time as a disputed material issue of fact dependent upon various factors. Acknowledging that the Agreement did not provide a specific schedule by which the Borough was to disburse progress payments (grant money) to SMH, the trial court relied on long-established precedent that, in the absence of a time frame in which a contractual obligation is to be performed, the law

4

requires performance within a *reasonable* amount of time.[3] (Trial Court's Sept. 28, 2018, Op. at 2.)

In May 2018, the trial court presided over a three-day jury trial. SMH alleged that the Borough breached the Agreement by disbursing the money to SMH in a manner so erratic and untimely that it caused the project to fail. The Borough alleged that it was not obligated to disburse payments to SMH pursuant to a schedule in the Agreement and that the project failed because it was undercapitalized and wasteful. (Trial Court's Jan. 31, 2018, Op. at 3.) The jury entered a verdict in favor of Developers, in pertinent part finding that they proved by a preponderance of the evidence that the Borough was contractually obligated pursuant to the Agreement to make disbursements to them within a reasonable time, that it materially breached its duty to do so, and that its failure caused the project to fail. (May 18, 2018, Hearing, Notes of Testimony "N.T." at 191; Reproduced Record "R.R." at 1274a.)

After the jury announced its verdict, the trial court granted Developers' oral motion to mold the verdict so as to strike the confessed judgments against them and to dismiss the complaints for confession of judgment with prejudice. Subsequently, both parties filed post-trial motions, which the trial court denied. The parties' timely appeals followed.[4]

**Borough's Appeal-Cognizable Issues**:

(1) Whether the trial court erred in determining that two individual guarantors could raise a defense held by their limited liability company (LLC).

---

[3] *E.g.*, *Hodges v. Pa. Millers Mut. Ins. Co.*, 673 A.2d 973, 974-75 (Pa. Super. 1996).

[4] Although both parties filed concise statements, the trial court filed an opinion pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure only with respect to the Borough's appeal and not with respect to Developers' cross-appeal. However, we are able to discern the trial court's rationale from its earlier orders and/or opinions with respect to Developers' sole cognizable issue on cross-appeal.

(2) Whether the trial court erred in partially granting Developers' amended petitions to open judgment in light of their alleged failure to submit evidence of their meritorious defense.

(3) Whether the trial court erred in refusing to allow graphs that summarized voluminous financial records without authentication by any witness.

(4) Whether the trial court erred in permitting hearsay testimony from Developers concerning why contractors walked off the job.

(5) Whether the trial court erred in denying the Borough's motion to enter judgment notwithstanding the verdict or to grant a new trial when the verdict was allegedly against the great weight of the evidence.[5]

---

[5] In addition, the Borough proffers the following issues in its "Statement of Questions Involved": (1) whether the trial court erred in permitting testimony from non-party lay witnesses regarding their opinions; and (2) whether the trial court erred in sustaining an objection during closing arguments and failing to explain the basis for sustaining the objection. Although the Borough raised these issues in paragraphs twelve and thirteen of its concise statement, it failed to develop them in the argument portion of its brief in accordance with Rule 2119 of the Pennsylvania Rules of Appellate Procedure.

In any event, the Borough's arguments with respect to these issues are without merit. With respect to the testimony of lay witnesses, especially the retired DCED employee who was directly involved with the grant at issue, the trial court has broad latitude in assessing the admissibility of evidence. *Commonwealth v. Poplawski*, 130 A.3d 697, 716 (Pa. 2015). As for the trial court's ruling on an objection during closing arguments, an evidentiary ruling will be reversed only for an abuse of discretion. Notably, "[a]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id*.

**Developers' Cross-Appeal-Cognizable Issue**:

(1) Whether the trial court erred in striking the Developers' counterclaims in a confession of judgment action.[6]

**Borough's Appeal**

**(1) <u>Whether the trial court erred in determining that two individual guarantors could raise a defense held by their LLC</u>.**

It is clear that if a petitioner moves promptly to open a confession of judgment and presents a meritorious defense sufficient to require submission of issues to a jury, a trial court does not err in opening that judgment. *M.N.C. Corp. v. Mt. Lebanon Med. Ctr., Inc.*, 509 A.2d 1256, 1258 (Pa. 1986). Here, the Borough first challenges the trial court's grant of the petition to open on the ground that Developers could not assert a defense held by SMH. We disagree. Even though SMH was the party to the Agreement, Developers personally guaranteed the indebtedness of SMH. The jury found that SMH was not in default; rather, the Borough was in default. Thus, because there was no liability on the part of SMH, there was no right to confess judgment against Developers based on their personal

---

[6] Developers also argue that the trial court erred in denying Developers' motion for summary judgment when they established that the Borough was contractually obligated to make disbursements within a reasonable period of time and failed to do so. This issue is moot in light of the judgment ultimately entered in their favor. They also claim that the trial court erred in *denying* Developers' amended petitions to open confessed judgments "when the warrant of attorney constitutes an impermissible penalty, in that DCED has not demanded that the [Borough] pay it back the subject monies and as such the [Borough] has not suffered any actual loss, and [Developers] present[ed] sufficient evidence to indicate that they did not knowingly, intelligently, and voluntarily sign the personal guaranties." (Developers' Brief at 10.) In addition to being moot, this argument is difficult to understand since the trial court did, in fact, *grant* the amended petitions to open the judgments.

7

guarantees of SMH's obligations. Under these circumstances, the Borough's argument that individuals could not assert a defense for their LLC lacks merit.[7]

**(2) Whether the trial court erred in partially granting Developers' amended petitions to open judgment in light of their alleged failure to submit evidence of their meritorious defense.**

Next, the Borough challenges the opening of the confession of judgments on the ground that Developers' petitions stated, but did not offer evidence of, a meritorious defense. We agree that ordinarily a petition to open judgment should cite evidence in support of its defense(s). However, the Borough waived this issue by failing to raise it in its opposition to the amended petitions to open confessed judgments or in its concise statement of errors pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure. Moreover, we observe that Developers presented numerous witnesses and documents at trial and ultimately proved a meritorious defense before the final order striking the confessed judgments and dismissing the Borough's complaints with prejudice.

**(3) Whether the trial court erred in refusing to allow graphs that summarized voluminous financial records based on the preparer's unavailability for cross-examination.**

At trial, the Borough sought to submit graphs prepared by an associate of the law firm representing the Borough that allegedly depicted the total monthly liabilities that SMH owed to Dime Bank, the total amount that SMH spent on vendors and laborers, and the percentage of funds that SMH spent from April 2013

---

[7] Notably, LLCs are composed of their members, thereby bolstering the determination that Developers could raise arguments on behalf of their LLC. *See* the Limited Liability Company Law of 1994, 15 Pa.C.S. §§ 8901-8993 (repealed 2016) and the Pennsylvania Uniform Limited Liability Company Act of 2016, 15 Pa.C.S. §§ 8811-8898 (applies to LLCs formed after February 21, 2017).

to January 2014. (Trial Court's Sept. 28, 2018, Op. at 12.) The Borough alleges that the associate extrapolated these summaries from the balance sheet and monthly statements for SMH's checking account with Dime Bank. The Borough asserts that these summaries were necessary to explain cogently to the jury how SMH used the funds that it received from the bridge loan. The trial court determined that it did not err in excluding the summaries on the ground that the preparer was unavailable for cross-examination, despite the fact that the Borough made them available to Developers before trial. We conclude that the trial court did not err in excluding the summaries. In making its argument, the Borough cites Rule 1006 of the Pennsylvania Rules of Evidence, Summaries to Prove Content, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Rule 1006 "is aimed at efficiency in the presentation of evidence" and at helping a jury to comprehend voluminous evidence that cannot be conveniently examined in court and that may be difficult to digest without the assistance of some sort of summaries. West's Pa. Practice, Pa. Evidence, § 1006-1 (2013).

This rule does not stand alone, however. Rule 901(a) and (b)(1) of the Pennsylvania Rules of Evidence provides:

**Rule 901. Authenticating or Identifying Evidence**

**(a) In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

9

. . . .

**(b ) Examples.** . . . .

(1) *Testimony of a Witness with Knowledge*. Testimony that an item is what it is claimed to be.

Applying the applicable evidentiary rules to the summaries at issue: "A diagram, chart, map, or model may be authenticated under Pa.R.E. 901(b)(1) by a witness with knowledge who testified that the exhibit accurately represents what it purports to represent. *The authenticating witness need not have prepared the exhibit, but must have sufficient knowledge to verify it*." West's Pa. Practice, Pa. Evidence, § 901-4 (2013) (footnotes omitted) (emphasis added). This is consistent with Pennsylvania case law pertaining to demonstrative evidence. *E.g.*, *Commonwealth v. Serge*, 896 A.2d 1170, 1177 (Pa. 2006) (citing Rule 901 and stating that the proponent of demonstrative evidence such as a chart must authenticate it by testimony from a witness who has knowledge that it is what it purports to be). Therefore, the trial court had the authority to require the proponent of the summaries to present a witness (whether or not the preparer) with sufficient personal knowledge to authenticate the charts and to explain them.

Moreover, having reviewed the charts in question, we note they would be almost impossible for a jury to understand without contemporary explanation. In other words, without testimony of what they purport to show (in addition to testimony that they show what they purport), the charts would have been virtually meaningless, and it would have been demonstrable error for the trial court to allow counsel to explain them to the jury in the absence of testimony supporting his

10

statements.[8]  Accordingly, the trial court did not abuse its discretion in refusing to admit the charts without authentication.

## (4) **Whether the trial court erred in permitting alleged hearsay testimony from Developers concerning why contractors walked off the job.**

With respect to this issue, the trial court stated that it did not recall a specific instance where it overruled a hearsay objection.  (Trial Court's Sept. 28, 2018, Op. at 10.)  Developers maintain that the Borough waived this issue by failing to specify in its brief where in the record any rulings and/or objections were made in violation of the appellate rules pertaining to "statement of place of raising or preservation of issues."  [Rule 2117(c) of the Pennsylvania Rules of Appellate Procedure (statement of the case) and Rule 2119(e) (argument)].  In addition, the Borough did not seem to develop this issue sufficiently in its brief for meaningful appellate review.  To the extent that the Borough did not waive the issue, it is without merit.

Developer Morris testified that the contractors walked away when he could not pay them.  This information was within his personal knowledge as the principal of SMH with responsibility for the "daily activities in the building, hiring contractors. . . ."  (May 18, 2018, Hearing, N.T. at 94; R.R. at 1377a).  While testimony of what contractors told him about why they walked away would constitute hearsay, the record reflects that the Borough made approximately two hearsay objections to such statements.  (N.T. at 41; R.R. at 1324a [objection as to what a subcontractor said about not being paid] and N.T. at 115; R.R. at 1398a

---

[8] A trial court has considerable discretion to determine whether to accept demonstrative evidence and its evidentiary rulings are entitled to great deference. *See, e.g.*, *Commonwealth v. Rickabaugh*, 706 A.2d 826, 837 (Pa. Super. 1997).

11

[objection to Smith's statements that contractors "bad mouthed us around town" because they weren't getting paid].)[9]   Nonetheless, there were numerous other statements to the same effect to which the Borough made no objection.  (*See generally*, N.T. at 40-65; R.R. at 1323a-48a.)  (*See also* N.T. at 116; R.R. at 1399a [testimony of Smith that after the original contractors walked, other "contractors wouldn't even walk into the building unless they were tripling their charge or getting money up front to even start."; N.T. at 192-203; R.R. at 1240a-51a [testimony of executive director of Wayne County Economic Development Corporation regarding an email describing the domino effect of the Borough's delay in disbursing progress payments causing Developers' inability to pay contractors and bringing the project to a halt].)  Accordingly, any error regarding the two particular objections is of no moment.

**(5) Whether the trial court erred in denying the Borough's motion to enter judgment notwithstanding the verdict or to grant a new trial when the verdict was allegedly against the great weight of the evidence.**

As this Court has noted, "a new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice." *Dep't of Gen. Servs. v. U.S. Mineral Prods. Co.*, 927 A.2d 717, 723 (Pa. Cmwlth. 2007).  In this regard, the Borough is simply re-arguing its version of the facts, but credibility is for the jury, which has the right to believe some or none of the evidence presented.  *Commonwealth v. Larsen*, 682 A.2d 783, 788 (Pa. Super. 1996).  After three days of considering extensive documentary evidence

---

[9] We note that both of these "objections" were made after the statements were uttered, and neither a motion to strike nor a cautionary instruction was requested.  An objection to the question, "Why did Duffy [the subcontractor] stop working?" was overruled, but the answer given did not contain any hearsay statements.  (N.T. at 43; R.R. at 1326a).

and testimony, the jury believed Developers and found that the Borough was responsible for the failure of the project. Accordingly, the Borough's argument that the verdict was against the great weight of the evidence is without merit.

**Developers' Cross-Appeal**

**(1) Whether the trial court erred in striking Developers' counterclaims in a confession of judgment action.**

In considering counterclaims in confession of judgment proceedings, it is instructive to consider both Rules 2959 and 2960 of the Pennsylvania Rules of Civil Procedure. Rule 2959(a)(1) and (c) provide:

> **Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure**
>
> (a)(1) Relief from a judgment by confession shall be sought by petition. . . . [A]ll grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition.
>
> . . . .
>
> (c) A party waives all defenses and objections which are not included in the petition.

Rule 2960 provides, in pertinent part:

> **Rule 2960. Proceedings upon Opening of Judgment. Pleadings. Jury Trial. Waiver**
>
> If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and order of the court opening the judgment. There shall be no further pleadings.

As the Superior Court observed, the provision in Rule 2960 providing that "[t]here shall be no further pleadings" complements the provision in Rule 2959(c) providing that "[a] party waives all defenses and objections which he does not include in his

13

petition or answer." *J.M. Korn & Sons, Inc. v. Fleet-Air Corp.*, 446 A.2d 945, 947 n.2 (Pa. Super. 1982).

On appeal, Developers maintain that the trial court erred in striking both their August 2016 pro se counterclaims and November 2017 counterclaims filed by their counsel as this precluded them from raising additional affirmative defenses and counterclaims in the confession of judgment proceeding. We reject Developers' assertion that the trial court should have determined that their August 2016 pro se counterclaims were somehow preserved. Once Developers secured counsel and the trial court afforded them an opportunity to file amended petitions to open judgment, they waived the opportunity to raise counterclaims *before the judgments were opened* by failing to do so in their amended petitions. Consequently, the trial court did not err in striking Developers' November 2017 counterclaims as further pleadings prohibited by the plain language of Rule 2960.[10] *Malicia v. Proietta Catering and Cocktail Lounge, Inc.*, 411 A.2d 751, 753 (Pa. Super. 1979) (unambiguous language of Rule 2960 does not call for additional pleadings beyond those expressly identified).

### Conclusion:

Accordingly, we affirm all of the orders at issue.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[10] *See* Rule 1017 of the Pennsylvania Rules of Civil Procedure, Pleadings Allowed, for the proposition that an answer and new matter constitute "pleadings."

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of Honesdale, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 795 C.D. 2018 |
| | : | |
| Michael C. Morris and Stephen G. Smith | : | |
| | : | |
| Borough of Honesdale | : | |
| | : | |
| v. | : | |
| | : | |
| Michael C. Morris | : | |
| | : | |
| Borough of Honesdale | : | |
| | : | |
| v. | : | No. 896 C.D. 2018 |
| | : | |
| Stephen G. Smith | : | |
| | : | |
| Appeal of: Michael C. Morris and | : | |
| Stephen G. Smith | : | |

## **O R D E R**

AND NOW, this 11th day of October, 2019, the orders of the Court of Common Pleas of Wayne County with respect to the appeal of Appellant, Borough of Honesdale, and the cross-appeal of Cross-Appellants, Michael C. Morris and Stephen G. Smith, are hereby AFFIRMED in accordance with the foregoing opinion.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge